UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA GLYNN, | No.  2:15-cv-00529-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| CITY OF STOCKTON; and DOES 1 through 50, inclusive, | |
| Defendants. | |

Plaintiff Jessica Glynn moves to modify this court's scheduling order to allow her to file a first amended complaint and also moves to amend her complaint.  The City of Stockton, the defendant, gave notice it does not oppose the motion.  The matter was submitted for decision without a hearing, and the motion is granted.

I.   BACKGROUND

Glynn alleges the City of Stockton terminated her employment in violation of Title VII, the California Fair Employment and Housing Act, the Fair Labor Standards Act, and California Labor Code section 1102.5.  *See* Compl., ECF No. 1.  The court held a status (pretrial scheduling) conference on July 30, 2015, ECF No. 9, and issued a scheduling order soon afterwards, ECF No. 10.  That order provided, "No further joinder of parties or amendments to

1

pleadings is permitted without leave of court, good cause having been shown." *Id.* at 2. (citing Fed. R. Civ. P. 16(b) and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)).

During discovery, Glynn discovered evidence that led her to believe she had a potential claim for fees under California Code of Civil Procedure 1021.5. Mot. Am. at 3, ECF No. 15. She proposed a first amended complaint to defense counsel, and after revisions, counsel agreed to its filing. *Id.* She moved to amend both the court's scheduling order and her complaint on March 31, 2016, ECF No. 15, and Stockton filed a note of non-opposition, ECF No. 19. Her proposed first amended complaint includes a claim for attorneys' fees under section 1021.5; it adds no new substantive claims or theories of liability.

II.     DISCUSSION

Under Federal Rule of Civil Procedure 16, a pretrial scheduling order may be modified if a party, despite its diligence, cannot reasonably be expected to meet the order's deadlines. *Johnson*, 975 F.2d at 609. When a party requests changes to the scheduling order, the court's inquiry focuses on that party's honest attempt to comply; she must demonstrate her "diligence." *See, e.g.*, *id.*; *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607–08 (E.D. Cal. 1999). Motions are more often granted when, for example, the need to amend arises later in the litigation. *See, e.g.*, *Hood v. Hartford Life and Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1225–26 (E.D. Cal. 2008). The court's decision is one of discretion. *Id.* at 607.

Federal Rule of Civil Procedure 15 governs amendments to the pleadings. It provides, "The court should freely give [leave to amend] when justice so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). In exercising its discretion regarding granting or denying leave to amend "'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment . . . would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay."

*Cafasso, U.S.* ex rel. *v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011). Unlike Rule 16, the focus of Rule 15 is whether an amendment will cause prejudice. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, first, Glynn has shown good cause to modify the court's scheduling order for the limited purpose of allowing her to file a first amended complaint. She discovered the need for potential amendment during depositions, conferred with opposing counsel, and promptly sought the court's permission under the applicable Federal Rule.

Second, the court perceives no prejudice that will result from the filing of her proposed first amended complaint. She has not delayed her request, and the limited revisions proposed will not lead to any significant delay in this litigation. Stockton does not argue her proposed amendment would be futile. No evidence suggests she acted in bad faith.

III.  CONCLUSION

The motion is GRANTED. Glynn shall file the proposed first amended complaint on the docket as a separate document as soon as practicable. Stockton has 30 days from the date this order is served to respond to the First Amended Complaint.

This order resolves ECF No. 15.

IT IS SO ORDERED.

DATED: May 2, 2016.

UNITED STATES DISTRICT JUDGE