1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10

11 JESSICA GLYNN,                          Civ. No.  2:15-cv-00529-KJM-DB

12                Plaintiff,

13        v.                               FINAL PRETRIAL ORDER

14 CITY OF STOCKTON,

15                Defendant.

16

17        On September 9, 2016, the court conducted a final pretrial conference.  Nancy L. McCoy

18 and Gary Basham appeared for plaintiff Jessica Glynn; Jesse Maddox appeared for defendant City

19 of Stockton.

20        After hearing, and good cause appearing, the court makes the following findings and

21 orders:

22 JURISDICTION/VENUE

23        Jurisdiction is predicated on 28 U.S.C. § 1331 because this civil action arises in part under

24 the laws of the United States.  Plaintiff seeks redress for alleged violations of her rights pursuant

25 to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended ("Title VII"),

26 the California Fair Employment and Housing Act, California Government Code sections 12900

27 et seq. ("FEHA"), and California Labor Code section 1102.5 ("Section 1102.5"), based on

28 unlawful discrimination and retaliation in employment.  The court has personal jurisdiction of

1

defendant City of Stockton, as defendant is located in this Judicial District, and venue is proper pursuant to 28 U.S.C. § 1391(b) because the alleged wrongful conduct of Defendant and the events giving rise to plaintiff's claims arose in this District.  Jurisdiction and venue are not contested.

JURY/NON-JURY

Plaintiff has demanded a jury.  Plaintiff has requested six (6) jurors.  Defendant requested nine (9) jurors.  The court shall empanel eight (8) jurors.

UNDISPUTED FACTS

1.      The City of Stockton is an incorporated city in the State of California, County of San Joaquin, and a governmental agency.

2.      The City of Stockton City Manager's Office created the new Office of Violence Prevention ("OVP") in or about 2014.  The mission of the OVP is to significantly reduce violence in Stockton through the implementation of violence prevention and reduction programs and strategies.

3.      The OVP Manager position was created in or about May 2014.

4.      Defendant City of Stockton offered the position of OVP Manager to plaintiff Jessica Glynn on or about September 26, 2014.

5.      Plaintiff Jessica Glynn signed defendant's written September 26, 2014 offer of employment for the OVP Manager position on October 8, 2014.

6.      Plaintiff began working at the City as the OVP Manager on October 16, 2014.

7.      Defendant City of Stockton terminated plaintiff's employment on February 13, 2015.

8.      Plaintiff is a female individual.

9.      Defendant City of Stockton provided plaintiff a letter on February 13, 2015 that stated her employment status was "at will" and she was being separated based upon "an incompatible management style."

/////

/////

2

<u>DISPUTED FACTUAL ISSUES AND MIXED QUESTIONS OF LAW AND FACT</u>

1.      Whether plaintiff Jessica Glynn was an at-will employee with defendant City of Stockton.

2.      Whether plaintiff Jessica Glynn's employment as defendant's OVP Manager was terminated by defendant City of Stockton for legitimate business reasons.

3.      Whether defendant City of Stockton unlawfully discriminated against plaintiff Jessica Glynn on the basis of gender and/or pregnancy in violation of California law (FEHA) when it terminated her employment on February 13, 2015.

4.      Whether defendant City of Stockton unlawfully discriminated against plaintiff Jessica Glynn on the basis of gender and/or pregnancy in violation of Federal law (Title VII) when it terminated her employment on February 13, 2015.

5.      Whether the City would have taken the same action to terminate plaintiff's employment regardless of her membership in a protected category (female/pregnant).

6.      Whether plaintiff engaged in activity protected by Labor Code section 1102.5.

7.      Whether a causal connection exists between plaintiff's alleged protected activity and her termination from the City.

8.      Whether defendant City of Stockton unlawfully retaliated against plaintiff Jessica Glynn in violation of California Labor Code section 1102.5 when defendant terminated plaintiff's employment as OVP Manager on February 13, 2015.

9.      Assuming defendant City of Stockton is found liable for unlawful retaliation in violation of California Labor Code section 1102.5 when it terminated plaintiff's employment on February 13, 2015, whether defendant can prove by clear and convincing evidence that the termination would have occurred for legitimate, independent reasons even if the plaintiff had not engaged in activities protected by section 1102.5.

10.     The nature and extent of plaintiff Jessica Glynn's non-economic damages, past and future.

11.     Whether plaintiff suffered damages as a result of her termination.

/////

3

12.     The nature and extent of plaintiff Jessica Glynn's economic damages, past and future.

13.     Whether plaintiff Jessica Glynn has adequately mitigated her damages following termination of employment.

14.     The nature and extent of Jessica Glynn's efforts to mitigate her damages.

SPECIAL FACTUAL INFORMATION

None applicable.

DISPUTED EVIDENTIARY ISSUES

Disputed evidentiary issues have been articulated in motions in limine, as described below.

STIPULATIONS/AGREED STATEMENTS

The parties stipulate to the following:

1.     All witnesses, who are not party representatives, shall be excluded from the Courtroom until being excused as a witness in this case.

2.     Neither party shall mention, or introduce evidence or solicit testimony regarding the existence or extent of defendant City of Stockton's Liability Insurance.

3.     The parties may use and introduce true and correct copies of exhibits, rather than originals, at trial.

RELIEF SOUGHT

1.     Plaintiff seeks non-economic damages for emotional distress, past and future, in an amount to be determined at trial.

2.     Plaintiff seeks economic damages for wage loss and employment benefits, past and future, in an amount to be determined at trial.

3.     Plaintiff seeks economic damages for certain out of pocket economic losses, to be determined at trial.

4.     For pre-judgment and post-judgment interest.

5.     For declaratory relief including but not limited to a judicial declaration of defendant's wrongdoing in violation of Title VII, FEHA, and Labor Code section 1102.5, and

injunctive relief requiring defendant to institute and enforce appropriate and lawful policies and practices.

      6.   For recovery of attorney's fees and costs as permitted by:

          a.   Title VII (42 U.S.C. § 2000e-5(k));

          b.   FEHA (Cal. Gov't Code section 12965(b); and

          c.   California Code of Civil Procedure section 1021.5.

POINTS OF LAW

      The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court no later than seven days prior to the date of trial in accordance with Local Rule 285.

ABANDONED ISSUES

      None.

WITNESSES

      Plaintiff's witnesses are listed as Attachment B.

      Defendant's witnesses are listed as Attachment C.

      Each party may call any witnesses designated by the other.

      A.    The court will not permit any other witness to testify unless:

          (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

          (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

      B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

          (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

5

(2) The court and opposing parties were promptly notified upon discovery of the witness;

(3) If time permitted, the party proffered the witness for deposition; and

(4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

EXHIBITS, SCHEDULES AND SUMMARIES

Parties' joint exhibits are identified on Attachment A.  Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

Plaintiff's exhibits are identified on Attachment D.  At trial, plaintiff's exhibits shall be listed numerically.

Defendant's exhibits are identified on Attachment E.  At trial, defendant's exhibits shall be listed alphabetically, first A, B, C, etc., then AA, BB, CC, etc., and so on.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than twenty-eight days before trial.  Any objections to exhibits are due no later than fourteen days before trial.

A.  The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

1.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

2.  The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B.  Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

1      1.  The exhibits could not reasonably have been discovered earlier;

2      2.  The court and the opposing parties were promptly informed of their existence;

3      3.  The proffering party forwarded a copy of the exhibits (if physically possible) to the

opposing party.  If the exhibits may not be copied the proffering party must show that it has made

the exhibits reasonably available for inspection by the opposing parties.

DEPOSITION TRANSCRIPTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial

with the Clerk of the Court on the first day of trial.

FURTHER DISCOVERY OR MOTIONS

In the parties' joint pretrial statement, plaintiff requested that the court modify its pre-trial

order to permit her to file and serve a supplemental expert report by Craig Enos, and to allow

defendant to depose Mr. Enos on any new matters, should defendant desire.  ECF No. 49 at 10.

At the September 9, 2016 hearing, plaintiff indicated circumstances had changed such that she

may no longer wish to proceed with this request.  The parties shall meet and confer to determine

how they wish to proceed and submit to the court by **October 21, 2016,** a stipulation and

proposed order addressing any supplementation by Mr. Enos.  If the parties are unable to agree on

a proposal, they shall submit their respective positions in a joint statement by the same date.

SETTLEMENT

The court as is its practice refers the case for a court-convened settlement conference.

Magistrate Judge Carolyn K. Delaney has been randomly selected.  A settlement conference is

scheduled before Judge Delaney for **November 8, 2016** at 9:30 a.m. in Courtroom No. 24, 8th

Floor.

The parties are directed to submit their confidential settlement conference statements to

the Court using the following email address: ckdorders@caed.uscourts.gov. If a party desires to

share additional confidential information with the Court, they may do so pursuant to the

provisions of Local Rule 270(d) and (e). Statements are due at least 7 days prior to the Settlement

Conference.  Each party is reminded of the requirement that it be represented in person at the

/////

7

settlement conference by a person able to dispose of the case or fully authorized to settle the matter at the settlement conference on any terms. *See* Local Rule 270.

Additionally, the parties are instructed to consult Judge Delaney's standing order for settlement information found on the court's website at www.caed.uscourts.gov.

MOTIONS

Plaintiff filed a Motion for Leave to file a First Amended Complaint on March 31, 2016, which Defendant did not oppose. The motion was granted, and the First Amended Complaint was filed on May 3, 2016. Defendant City of Stockton answered the First Amended Complaint on or about June 1, 2016.

Defendant City of Stockton filed a Motion for Summary Judgment/Adjudication, which was heard by the Court on July 1, 2016. The Court issued an order on July 26, 2016, partially granting and partially denying the motion. The Court granted the motion with respect to claims three and four, but denied the motion with respect to the other three claims, which are proceeding to trial.

MOTIONS IN LIMINE

The following motions are presently pending before the court:

**A. *Plaintiff's Motions in Limine***

Plaintiff will file the following motions in limine:

1.      To exclude Defendant's introduction of evidence (information or witnesses) that Defendant failed to provide in discovery;

2.      To exclude evidence that was either not provided at the appropriate Defendant PMQ depositions, or is contrary to the Defendant PMQ witnesses' testimony;

3.      For an order binding Defendant City of Stockton to the answers given in deposition because their PMQ designees testified and spoke on behalf of the Defendant entity;

4.      To exclude any references or suggestions that Plaintiff was practicing law without the proper bar license.

**B.      *Defendant's Disputed Evidentiary Issues and Motions in Limine***

Defendant City of Stockton will file motions in limine:

1.    To exclude all testimony and/or opinion from non-City employees concerning Plaintiff's work performance;

2.    To exclude expert testimony and evidence not included in Plaintiff's expert disclosures, including any and all medical testimony about Plaintiff's alleged emotional or physical distress;

3.    To exclude testimony and/or evidence about Christian Clegg's religious beliefs;

4.    To exclude all evidence and testimony about alleged racist comments made by Plaintiff's subordinates.

5.    To exclude all testimony and/or evidence about Plaintiff's previously dismissed Third and Fourth Causes of Action, and the City's previously filed Motion for Summary Judgment.

6.    To exclude all evidence or testimony regarding other allegations and complaints against the City and specifically to exclude the testimony of Michael Lam and Maria Alcazar.

7.    To exclude any evidence or testimony that Plaintiff's employment status was anything other than "at will."

*      *      *

The court shall hear arguments regarding any of the above motions the parties wish decided before trial on **October 7, 2016**.  Any motion a party wants heard on that day shall be briefed in a maximum of five pages per motion, filed by **September 28, 2016.**  Any opposition shall be filed by **October 4, 2016,** with replies argued at hearing.

Each of the court's rulings on a motion in limine will be made without prejudice and will be subject to proper renewal, in whole or in part, during trial. If a party wishes to contest a pretrial ruling, it must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds. *See* FED. R. EVID. 103(a); *Tennison v. Circus Circus Enters., Inc*., 244 F.3d 684, 689 (9th Cir. 2001) ("Where a district court makes a tentative in limine ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial.") (alteration, citation and quotation omitted). In addition, challenges to expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993)

1    are denied without prejudice. Should a party wish to renew a *Daubert* challenge at trial, it should

2    alert the court, at which point the court may grant limited voir dire before such expert may be

3    called to testify.

4    JOINT STATEMENT OF THE CASE

5           Defendant City of Stockton offered plaintiff Jessica Glynn the position of Manager of its

6    Office of Violence Prevention on September 26, 2014.  Plaintiff accepted the position on October

7    8, 2014 and started work on October 16, 2014.  Plaintiff was terminated on February 13, 2015.

8    Plaintiff contends she was almost nine months pregnant at the time, and asserts that her protected

9    status as a pregnant woman substantially motivated defendant's decision to terminate her

10   employment. Plaintiff also asserts she made several protected complaints not long before her

11   termination, and that these protected complaints motivated defendant's decision to terminate her

12   employment.

13          Plaintiff contends defendant City of Stockton's actions violated federal and state laws

14   prohibiting discrimination and state law prohibiting retaliation, and claims: (1) Gender and

15   Pregnancy Discrimination in Violation of Title VII; 2) Gender and Pregnancy Discrimination in

16   Violation of FEHA; and 3) Retaliation in Violation of Labor Code section 1102.5. Defendant

17   denies all allegations, and asserts it terminated plaintiff's employment for legitimate, non-

18   discriminatory, business reasons.

19   SEPARATE TRIAL OF ISSUES

20          Plaintiff and Defendant do not anticipate the need for a separate trial of any of the issues

21   in this matter.

22   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

23          Parties agree that there is no need for an impartial expert witness.

24   ATTORNEYS' FEES

25          Plaintiff will be seeking attorney's fees as prevailing party by post-trial motion, pursuant

26   to Local Rule 293 and Federal Rules of Civil Procedure 54(d).

27          Defendant is not seeking attorneys' fees at this time.

28   /////

ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **January 30, 2017** at 9:00 a.m. in Courtroom Three before the Honorable Kimberly J. Mueller.  Trial is anticipated to last seven (7) to ten (10) days.  The parties are directed to Judge Mueller's trial schedule outlined on her web page on the court's website.

Trial briefs are due on **January 13, 2017**.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury voir dire seven days before trial.  Each party will be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions fourteen days before trial, identified as "Jury Instructions and Verdicts Without Objection."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen days before trial; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed seven days before trial; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.   When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

TRIAL PROTECTIVE ORDER

Defendant has indicated that it may seek a protective order regarding confidential and private personnel information of non-party City employees.  Parties shall meet and confer so that defendant may determine if it is necessary to file a motion requesting a protective order, or if its concerns can be otherwise addressed.

/////

/////

11

MISCELLANEOUS

Plaintiff filed a notice of motion for sanctions and attorney's fees.  The motion hearing is scheduled for **October 7, 2016**.

OBJECTIONS TO PRETRIAL ORDER

Each party is granted **fourteen days** from the date of this order to file objections to the same.  If no objections are filed, the order will become final without further order of this court.

DATED: September 21, 2016.

_____
UNITED STATES DISTRICT JUDGE

12

Attachment A: Joint Exhibits

| Joint Exh. No. | Document Description | Bates-Stamp No. |
|---|---|---|
| 1. | City of Stockton, California, City Manager Administrative Directive- HR - 15 - Discrimination and Harassment Policy, (March, 2010) | Exhibit 13 to Plaintiff Jessica Glynn's Deposition (Not Bates-Stamped) |
| 2. | Operation Peacekeeper Program Policies and Procedures (Created January 2008 (4th Revision Effective May 15, 2013) | 008473-008484 |
| 3. | Comprehensive Summary of City of Stockton Unrepresented Management/Confidential and Law Employees Compensation Plan (July 1, 2014) | 000082-000113 |

13

Attachment B: Plaintiff's Witness List

| Witness Name And Address | Brief Statement Of The Nature Of The Testimony To Be Proffered. | Testimony Form – In Person/ By Deposition; Expert/Non |
|---|---|---|
| 1. Jessica Glynn | Plaintiff Jessica Glynn is expected to testify about her skills and qualifications; job duties, job history, job performance and separation of employment with Defendant City of Stockton ("Defendant"); her interactions and communications with Christian Clegg, Kurt Wilson, Ken Praegitzer, other managers, coworkers, program partners, and third parties in connection with her work for Defendant City of Stockton; and facts and events supporting her legal claims and theories in this action.<br><br>Plaintiff is also expected to testify regarding her job search efforts and mitigation and damages issues. | Non-expert; In person. |
| 2. Christian Clegg/City of Stockton, Assistant to City Manager | Christian Clegg, the Assistant to the City Manager for Defendant, and Plaintiff's former supervisor and decision maker, is expected to testify about the creation, development, staffing and structure of Defendant's Office of Violence Prevention ("OVP").<br><br>Christian Clegg is also expected to testify as to the recruitment, interview, screening and selection process for Defendant's OVP Manager in 2015; and Defendant's job offer to Plaintiff.<br><br>Christian Clegg is also expected to testify as to Plaintiff's job performance during her employment with Defendant, including appraisals/ evaluations/ feedback;  lack of discipline, warnings, counseling or negative feedback; his related communications with third persons; Plaintiff and Christian Clegg's October 8, 2014 meeting and the February 13, 2015 termination meeting.<br><br>Christian Clegg is also expected to testify as to Defendant's plan, intent and decision to terminate Plaintiff's employment, and the reasons therefore.<br><br>Christian Clegg is also expected to testify about communications with the OVP staff as to the reasons for Plaintiff's separation of employment, including statements made at a staff meeting on or about February 17, 2015. | Non-expert; In person and by deposition (PMQ deposition testimony excerpts) |

14

| | | | |
|---|---|---|---|
| | | Christian Clegg is also expected to testify about Defendant's policies, practices and procedures regarding payment of overtime to its Peacekeepers, Youth Outreach Workers and/or Outreach Workers. This includes any changes or modifications to Defendant's policies, practices and procedures regarding payment of overtime for its Peacekeepers, Youth Outreach Workers and/or Outreach Workers.<br><br>Christian Clegg is also expected to testify about concerns and complaints to Defendant concerning FLSA/wage and hour compliance issues of the Peacekeepers; Defendant's failure to properly compensate Peacekeepers for overtime; and remedial/corrective steps by Defendant to address violations.<br><br>Christian Clegg is also expected to testify about concerns and complaints to Defendant concerning potential constitutional due process violations arising from Defendant's information sharing practices and procedures between Defendant's Police Department and Peacekeeper staff.<br><br>Christian Clegg is also expected to testify about his communications regarding Plaintiff's pregnancy, anticipated pregnancy disability leave, maternity leave and plans to cover Plaintiff's job duties while she was on leave.<br><br>Christian Clegg is also expected to testify about Defendant's policies, practices and procedures regarding employee use of personal cell phones, text messages and email for business/work use. | |
| 3. | Kurt Wilson, City of Stockton, City Manager | Kurt Wilson is expected to testify regarding:   Wilson's job interview with Plaintiff on or about September 25, 2014; Wilson's verbal and written communications with Plaintiff on September 26, 2014; Wilson's meeting with Plaintiff on or about October 2, 2014; Defendant's selection of Plaintiff for the OVP Manager position; Wilson's meeting with Plaintiff and Christian Clegg on or about October 21, 2014; Defendant's decision to terminate Plaintiff's employment and Defendant's termination meeting with Plaintiff on February 13, 2015. | Non-expert; In person and by deposition (PMQ deposition testimony excerpts) |
| 4. | Laurie Montes/City of Stockton, Deputy City Manager | Laurie Montes is expected to testify regarding Defendant's policies, practices and procedures regarding timekeeping and compensation of its Peacekeepers, Youth Outreach Workers and Outreach Workers; including the calculation of payment of | Non-expert; In person and by deposition (PMQ deposition |

| | | | |
|---|---|---|---|
| | | overtime or "Comp. Time;" and Defendant's "Flex Time" compensation practice.<br><br>Laurie Montes is also expected to testify regarding communications between Plaintiff and Laurie Montes regarding Defendant's timekeeping and compensation practices of the peacekeepers; prior FLSA non-compliant pay practices under former Program manager Ralph Womack and Plaintiff's concerns and complaints regarding non-compliant FLSA/wage and hour practices.<br><br>Laurie Montes is also expected to testify regarding her one meeting with Plaintiff that occurred on or about December 4, 2014. | testimony excerpts) |
| 5. | Ken Praegitzer,/ City of Stockton, former Program Manager, Operation Peacekeeper | Ken Praegitzer is expected to testify regarding Defendant's Operation Peacekeepers Program policies, procedures and practices.<br><br>Ken Praegitzer is also expected to testify regarding Defendant's policies, practices and procedures regarding timekeeping and compensation of its Peacekeepers, Youth Outreach Workers and Outreach Workers; including the calculation of payment of overtime or "Comp. Time;" and Defendant's "Flex Time" compensation practice.<br><br>Ken Praegitzer is also expected to testify regarding expectations and requirements of the Peacekeepers with regard to working outside of scheduled hours, including being on call.<br><br>Ken Praegitzer is also expected to testify regarding the FLSA non-compliant compensation practices of the Peacekeepers under his management.<br><br>Ken Praegitzer is also expected to testify regarding regular "Core Group" meetings which included the Peacekeepers and City of Stockton Police Officers/ Gang Unit detectives; and the information sharing policies and practices between the two groups; and Plaintiff's directives to halt the Core Group meetings in about  November, 2014 light of her legal concerns.<br><br>Ken Praegitzer is also expected to testify regarding communications with Plaintiff and other persons | Non-expert; In person and by deposition (PMQ deposition testimony excerpts) |

| | | regarding Plaintiff's inquiries, concerns and complaints regarding Peacekeeper timekeeping and compensation practices.<br><br>Ken Praegitzer is also expected to testify regarding communications with Plaintiff and other persons regarding Plaintiff's inquiries, concerns and complaints regarding information sharing policies and practices between Defendant's Police Department and the Peacekeepers/Outreach Workers.<br><br>Ken Praegitzer is also expected to testify regarding the history of , and his observations of, Peacekeeper team dynamics, including supervisor Jose Gomez skills, abilities, weaknesses and job performance; and Praegitzer's opinions and recommendations.<br><br>Ken Praegitzer's plans and intentions regarding retirement/departure from his job as Defendant's Peacekeeper Program Manager and communications with other persons as to same. | |
| 6. | Trevor Womack, City of Stockton Police Department, Deputy Chief of Police | Trevor Womack is expected to testify regarding the regular "Core Group" meetings which included the Peacekeepers and Defendant's Police Officers/ Gang Unit detectives; and the information sharing policies and practices between the two groups; and Plaintiff's directives to halt the Core Group meetings in light of her legal concerns.<br><br>Trevor Womack is also expected to testify regarding communications with Plaintiff and other persons regarding Plaintiff's inquiries, concerns and complaints regarding information sharing policies and practices between Defendant's Police Department and the Peacekeepers/Outreach Workers; and Plaintiff's concerns or complaints to concerning these practices might constitute constitutional/ due process violations.<br><br>Trevor Womack is also expected to testify regarding his verbal communications with Plaintiff about Alicia Duer made at the February 12, 2015 Cease Fire call in. | Non-expert; In person and by deposition (PMQ deposition testimony excerpts) |
| 7. | Marci Arredondo/ City of Stockton, | Attorney Arredondo is expected to testify about Plaintiff's expressed concerns and complaints about Defendant's wage and hour and compensation practices of the Peacekeepers; and communications with Plaintiff | Non-expert; In person. |

17

| | | |
|---|---|---|
| Deputy City Attorney | and others regarding same. | |
| 8. Neal Lutterman, former City of Stockton, Deputy City Attorney<br><br>Wilke Fleury 400 Capitol Mall, 22nd Fl. Sacramento CA 95814 916.441.2430 | Attorney Lutterman is expected to testify about Plaintiff's expressed concerns and complaints about legal/ constitutional due process and wage and hour-related concerns/complaints; and communications with Plaintiff and others regarding same. | Non-expert; in person |
| 9. DeAnna Solina/City of Stockton, Director of Human Resources | DeAnna Solina is expected to testify regarding Defendant's policies, practices and procedures regarding timekeeping and compensation of its Peacekeepers, Youth Outreach Workers and Outreach Workers; including the calculation of payment of overtime or "Comp. Time;" and Defendant's "Flex Time" compensation practice.<br><br>DeAnna Solina is expected to testify regarding communications and meetings with Plaintiff and other persons regarding Plaintiff's inquiries, concerns and complaints regarding Defendant's timekeeping and compensation practices, and other wage and hour-related issues, for its Peacekeepers, Youth Outreach Workers and Outreach Workers.<br><br>DeAnna Solina is also expected to testify regarding changes to Defendant's policies, practices and procedures regarding timekeeping and compensation of its Peacekeepers, Youth Outreach Workers and Outreach Workers; including the calculation of payment of overtime or "Comp. Time;" and Defendant's "Flex Time" compensation practice. | Non-expert; In person and by deposition (PMQ deposition testimony excerpts) |
| 10. Stephanie van Steyn, City of Stockton, Supervising Human | Stephanie van Steyn is expected to testify regarding Defendant's policies, practices and procedures regarding employee discipline; and employee performance monitoring or improvement.<br><br>Stephanie van Steyn is expected to testify regarding | In person; non-expert |

| Resources Analyst at City of Stockton | Defendant's policies, practices and procedures regarding "comp time" for the time period January 1, 2012 to present.  This includes any changes or modifications to Defendant's policies, practices or procedures regarding "comp time" for the time period January 1, 2012 to present.

Stephanie van Steyn is also expected to testify regarding documentation related to the termination of Plaintiff's employment. | |

| | |
|---|---|
| 11. Jaime Constantino, City of Stockton /Youth Outreach Worker | Jaime Constantino is expected to testify regarding the implementation and history of the Operation Peacekeeper; and its program policies, procedures, and practices.

Jaime Constantino is also expected to testify regarding City of Stockton Peacekeeper/police information sharing practices; and complaints and concerns raised by regarding information sharing practices.

Jaime Constantino is also expected to testify regarding City of Stockton Peacekeeper program team history – tension, morale and team dynamic; and further as to the OVP staffing structure, organization, changes and potential changes; and discussions with Plaintiff Jessica Glynn as to same.

Jaime Constantino is also expected to testify regarding events of November 20, 2014 including the staff meeting in which then-supervisor Jose Gomez went ballistic.

Jaime Constantino is also expected to testify regarding Jose Gomez's and Jaime Constantino complaints about Plaintiff; and about other claims of harassment, discrimination and/or retaliation, and wage and hour compliance issues among the Peacekeepers.

Jaime Constantino is also expected to testify regarding Plaintiff Jessica Glynn's concerns and legal issues (including her constitutional due process concerns with the information sharing practices between the Peacekeepers and police officers/gang unit detectives, including the practice of regular "Core Group meetings" OVP/Ceasefire model; and Plaintiff's concerns and legal issues relating to wage and hour issues, including Flex time, Comp. time, overtime, timekeeping and recordkeeping procedures.

Jaime Constantino is also expected to testify regarding the history and changes to Flex Time, Overtime, and Comp time pay policies, practices and procedures of Peacekeepers. | In person; non-expert |

20

| | | |
|---|---|---|
| 12. Pheakday Youn/ City of Stockton /former Youth Outreach Worker | Pheakday Youn is expected to testify regarding the implementation and history of the Operation Peacekeeper; and its program policies, procedures, and practices.<br><br>Pheakday Youn is also expected to testify regarding City of Stockton Peacekeeper/police information sharing practices; and complaints and concerns raised by City of Stockton Peacekeepers regarding information sharing practices.<br><br>Pheakday Youn is also expected to testify regarding City of Stockton Peacekeeper program team history – tension, morale and team dynamic; and further as to the OVP staffing structure, organization, changes and potential changes; and discussions with Plaintiff Jessica Glynn as to same.<br><br>Pheakday Youn is also expected to testify regarding events of November 20, 2014 including the staff meeting in which Supervisor Jose Gomez went ballistic.<br><br>Pheakday Youn is also expected to testify regarding other claims of harassment, discrimination, retaliation, and bullying among the Peacekeepers.<br><br>Pheakday Youn is also expected to testify regarding Plaintiff Jessica Glynn's duties, management style, and job performance as the OVP Manager.<br><br>Pheakday Youn is also expected to testify regarding Plaintiff Jessica Glynn's concerns and legal issues (including her constitutional due process concerns with the information sharing practices between the Peacekeepers and police officers/gang unit detectives, including the practice of regular "Gore Group meetings" OVP/Ceasefire model; and Plaintiff's concerns and legal issues relating to wage and hour issues, including Flex time, Comp. time, overtime, timekeeping and recordkeeping procedures.<br><br>Pheakday Youn is also expected to testify regarding the history and changes to Flex Time, Overtime, and Comp time pay policies, practices and procedures of Peacekeepers. | In person; non-expert |

| | | Pheakday Youn is also expected to testify regarding Defendant Peacekeepers' reputation as snitches in Stockton communities; and Peacekeepers Jose Gomez and Jaime Constantino's specific reputations as snitches in Stockton communities.<br><br>Pheakday Youn is also expected to testify regarding communications by Christian Clegg regarding reasons for Plaintiff Jessica Glynn's separation of employment. | |
| --- | --- | --- | --- |
| | 13. Stanley Thomas City of Stockton /Youth Outreach Worker | Stanley Thomas is expected to testify regarding the implementation and history of the Operation Peacekeeper; and its program policies, procedures, and practices.<br><br>Stanley Thomas is also expected to testify regarding City of Stockton Peacekeeper/police information sharing practices; and complaints and concerns raised by City of Stockton Peacekeepers regarding information sharing practices.<br><br>Stanley Thomas is also expected to testify regarding City of Stockton Peacekeeper program team history – tension, morale and team dynamic; and further as to the OVP staffing structure, organization, changes and potential changes; and discussions with Plaintiff Jessica Glynn as to same.<br><br>Stanley Thomas is also expected to testify regarding events of November 20, 2014 including the staff meeting in which Supervisor Jose Gomez went ballistic.<br><br>Stanley Thomas is also expected to testify regarding other claims of harassment, discrimination, retaliation, and bullying among the Peacekeepers.<br><br>Stanley Thomas is also expected to testify regarding Plaintiff Jessica Glynn's duties, management style, and job performance as the OVP Manager.<br><br>Stanley Thomas is also expected to testify regarding Plaintiff Jessica Glynn's concerns and legal issues (including her constitutional due process concerns with the information sharing practices between the Peacekeepers and police officers/gang unit detectives, including the practice of regular "Core Group | In person; non-expert |

22

| | | meetings" OVP/Ceasefire model; and Plaintiff's concerns and legal issues relating to wage and hour issues, including Flex time, Comp. time, overtime, timekeeping and recordkeeping procedures.<br><br>Stanley Thomas is also expected to testify regarding the history and changes to Flex Time, Overtime, and Comp time pay policies, practices and procedures of Peacekeepers.<br><br>Stanley Thomas is also expected to testify regarding Defendant Peacekeepers' reputation as snitches in Stockton communities; and Peacekeepers Jose Gomez and Jaime Constantino's specific reputations as snitches in Stockton communities<br><br>Stanley Thomas is also expected to testify regarding communications by Christian Clegg regarding reasons for Plaintiff Jessica Glynn's separation of employment. | |
| 14. Jose Gomez, City of Stockton /Youth Outreach Worker | | Jose Gomez is expected to testify regarding the implementation and history of the Operation Peacekeeper; and its program policies, procedures, and practices.<br><br>Jose Gomez is also expected to testify regarding City of Stockton Peacekeeper/police information sharing practices; and complaints and concerns raised by City of Stockton Peacekeepers regarding information sharing practices.<br><br>Jose Gomez is also expected to testify regarding City of Stockton Peacekeeper program team history – tension, morale and team dynamic; and further as to the OVP staffing structure, organization, changes and potential changes; and discussions with Plaintiff Jessica Glynn as to same.<br><br>Jose Gomez is also expected to testify regarding events of November 20, 2014 including the staff meeting in which Jose Gomez went ballistic.<br><br>Jose Gomez is also expected to testify regarding Jose Gomez's and Jose Gomez complaints about Plaintiff; and about other claims of harassment, discrimination and/or retaliation, and wage and hour compliance issues among the Peacekeepers. | In person; non-expert |

23

| | | | |
|---|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 11 12 13 | | Jose Gomez is also expected to testify regarding Plaintiff Jessica Glynn's duties, management style, and job performance as the OVP Manager; and about the reasons communicated to the Peacekeepers by Christian Clegg for Plaintiff Jessica Glynn's separation of employment.

Jose Gomez is also expected to testify regarding OVP staffing structure, organization, changes and potential changes; and discussions with Plaintiff Jessica Glynn as to same.

Jose Gomez is also expected to testify regarding Plaintiff's concerns and legal issues relating to wage and hour issues, including Flex time, Comp. time, overtime, timekeeping and recordkeeping procedures; and communications with City of Stockton including Human Resources regarding unpaid wages issues, and changes to Peacekeeper timekeeping and pay practices including abolishing "Flex Time" and implementing Comp. time pay practices. | |
| 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | 15. Ernest Bass/ City of Stockton /Youth Outreach Worker | Ernest Bass is expected to testify regarding the implementation and history of the Operation Peacekeeper; and its program policies, procedures, and practices.

Ernest Bass is also expected to testify regarding City of Stockton Peacekeeper/police information sharing practices; and complaints and concerns raised by City of Stockton Peacekeepers regarding information sharing practices.

Ernest Bass is also expected to testify regarding City of Stockton Peacekeeper program team history – tension, morale and team dynamic; and further as to the OVP staffing structure, organization, changes and potential changes; and discussions with Plaintiff Jessica Glynn as to same.

Ernest Bass is also expected to testify regarding events of November 20, 2014 including the staff meeting in which Jose Gomez went ballistic.

Ernest Bass is also expected to testify regarding other claims of harassment, discrimination, retaliation, and bullying among the Peacekeepers. | In person; non-expert |

| | | | |
|---|---|---|---|
| | | Ernest Bass is also expected to testify regarding Plaintiff Jessica Glynn's duties, management style, and job performance as the OVP Manager.<br><br>Ernest Bass is also expected to testify regarding Plaintiff Jessica Glynn's concerns and legal issues (including her constitutional due process concerns with the information sharing practices between the Peacekeepers and police officers/gang unit detectives, including the practice of regular "core group meetings" OVP/Ceasefire model; and Plaintiff's concerns and legal issues relating to wage and hour issues, including Flex time, Comp. time, overtime, timekeeping and recordkeeping procedures.<br><br>Ernest Bass is also expected to testify regarding the history and changes to Flex Time, Overtime, and Comp time pay policies, practices and procedures of Peacekeepers.<br><br>Ernest Bass is also expected to testify regarding Defendant Peacekeepers' reputation as snitches in Stockton communities; and Peacekeepers Jose Gomez and Jaime Constantino's specific reputations as snitches in Stockton communities.<br><br>Ernest Bass is also expected to testify regarding communications by Christian Clegg regarding reasons for Plaintiff Jessica Glynn's separation of employment. | |
| | 16. Matt Lam<br>City of<br>Stockton<br>/former<br>Youth<br>Outreach<br>Worker | Matt Lam is expected to testify regarding the implementation and history of the Operation Peacekeeper; and its program policies, procedures, and practices.<br><br>Matt Lam is also expected to testify regarding City of Stockton Peacekeeper/police information sharing practices; and complaints and concerns raised by City of Stockton Peacekeepers regarding information sharing practices.<br><br>Matt Lam is also expected to testify regarding City of Stockton Peacekeeper program team history – tension, morale and team dynamic.<br><br>Matt Lam is also expected to testify regarding other | By deposition transcript; non-expert |

25

| | | | |
|---|---|---|---|
| | | claims of harassment, discrimination, retaliation, bullying; including his own concerns and complaints about information sharing expectations, bullying and retaliation.<br><br>Matt Lam is also expected to testify regarding his concerns and complaints about the information sharing practices between the Peacekeepers and police officers/gang unit detectives, including the practice of regular "core group meetings"; and the expectations of his supervisors Jose Gomez and Ralph Womack as to same.<br><br>Matt Lam is also expected to testify regarding Defendant Peacekeepers' reputation as snitches in Stockton communities; and Peacekeepers Jose Gomez and Jaime Constantino's specific reputations as snitches in Stockton communities | |
| 17. Savong Lam/Former Director, Neighborhood-based programs, of Community Partnership For Families Of San Joaquin. | | Savong Lam is expected to testify regarding her interactions and observations of Jessica Glynn during Plaintiff's employment with Defendant.<br><br>She is also expected to testify regarding the Peacekeeper program generally, and Jose Gomez' reputation specifically, as snitches.<br><br>Ms. Lam is also expected to testify about concerns over the safety of her husband/former Peacekeeper Matt Lam and their four children, arising from the inappropriate information sharing practices and community perception of Defendant's Peacekeepers as mere snitches. | By deposition transcript; non-expert |
| 18. Karen Costa, City of Stockton, Executive Assistant to City Manager | | Ms. Costa is expected to testify regarding communications with Plaintiff, City Manager Kurt Wilson, and Human Resources Director DeAnna Solina regarding Plaintiff's requested appointments, meetings and calls. | In person; non-expert |
| 19. Alicia Duer, Program Manager III at City of Stockton | | Alicia Duer is expected to testify regarding her role and responsibilities regarding grants generally, and with regard to grants related to the Peacekeeper program specifically; and as to Florence Low's role and responsibilities regarding grants generally, and with regard to grants related to the Peacekeeper program. | In person; non-expert |

26

| | | |
|---|---|---|
| | Alicia Duer is also expected to testify regarding her communications with Plaintiff regarding concerns about Peacekeeper compensation practices.<br><br>Alicia Duer is also expected to testify regarding her communications with Plaintiff on October 21, 2014.<br><br>Alicia Duer is expected to testify regarding the BHS grant history; communications about the BHS grant application process and changes thereto, including communications with Frances Hutchins, Florence Low, Christian Clegg, Ken Praegitzer and Plaintiff. | |
| 20. Florence Low | Florence Low is expected to testify regarding her role and responsibilities regarding grants generally, and with regard to grants related to the Peacekeeper program specifically.<br><br>Florence Low is also expected to testify regarding her communications with Plaintiff and others regarding BHS grant application issues. | In person; non-expert |
| 21. San Joaquin County Board of Supervisors, Custodian of Records | A San Joaquin County Board of Supervisors, Custodian of Records witness is expected to testify regarding the San Joaquin County Board of Supervisors Resolution; and authentication of the new Three Year MHSA Plan. | In person; non-expert |
| 22. Tom Amato- Executive Director of PACT | Tom Amato is expected to testify regarding his interactions and experiences with Jessica Glynn during her employment; and communications with Defendant following Plaintiff's termination. | In person; non-expert |
| 23. Gretchen Newby/ Friends Outside Executive Director | Gretchen Newby is expected to testify regarding her interactions and experiences with Jessica Glynn during her employment; and communications with Plaintiff's termination before and after Plaintiff's termination; and as to Ms. Newby's own observations and feedback regarding Plaintiff's preparation, organization and performance at the February 11, 2015 Call-In rehearsal and February 12, 2015 Call-In event. | In person; non-expert |
| 24. Robina Asghar, Community | Robina Asghar is expected to testify regarding her interactions and experiences with Jessica Glynn during her employment; and communications with Plaintiff's | In person; non-expert |

27

| | | |
|---|---|---|
| Partnership For Families Of San Joaquin, Executive Director | before termination.<br><br>She is also expected to testify regarding the Peacekeeper program generally, and Jose Gomez' reputation specifically, as snitches. | |
| 25. Michael Tubbs, former Stockton City Councilman and Mayor candidate | Michael Tubbs is expected to testify regarding Plaintiff's job duties, job performance and separation of employment with Defendant; interactions and communications with Plaintiff and others including Christian Clegg, Kurt Wilson, Ken Praegitzer, other City of Stockton managers, coworkers, program partners, and other third parties in connection with Plaintiff's work for Defendant. | In person; non-expert |
| 26. Debra Glynn, Plaintiff's mother | Debra Glynn is expected to testify regarding her interactions and observations of Plaintiff Jessica Glynn; and as to Plaintiff's damages. | In person; non-expert |
| 27. Santiago Salinas, Plaintiff's husband | Santiago Salinas is expected to testify regarding his observations of Plaintiff Jessica Glynn; and as to Plaintiff's damages. | In person; non-expert |
| 28. Craig Enos | Mr. Enos is a forensic accountant, and will be providing expert testimony regarding Plaintiff's economic damages and wage loss. | In-person; expert |

28

Attachment C: Defendant's Witness List

1.     Kurt Wilson: Wilson is City of Stockton City Manager. Wilson will testify about Plaintiff's hiring, work performance, and ultimate termination. Wilson will testify about the City's process in hiring and terminating management-level employees. Wilson may also testify about creation of the Office of Violence and Prevention ("OVP"), creation of the OVP Manager position, and the process of hiring a new Manager for the OVP.

2.     Christian Clegg: Clegg is the Assistant to the City Manager/Deputy City Manager. He directly supervised Plaintiff and will testify about his communications with her during her employment. Clegg will testify about Plaintiff's hiring, work performance, and ultimate termination. Clegg may also testify about the OVP, its mission, goals, and duties. Clegg may also testify about the City's Operation Peacekeeper and Ceasefire programs.

3.     Jose Gomez: Gomez was one of Plaintiff's direct reports. He will testify about Plaintiff's duties and work performance. Gomez will also testify about his interactions with Plaintiff during her employment as well as Plaintiff's interactions with other City employees.

4.     Alicia Duer: Duer was an employee in the City Manager's Office. She will testify about her interactions with Plaintiff and the City's grants programs. She may also testify about her experiences as a female employee in the City Manager's Office and obtaining grant funding.

5.     Ken Praegitzer: Praegitzer will testify about his interactions and experiences with Plaintiff. Praegitzer may also testify about the mission, goals, and duties of the OVP, Operation Peacekeeper, and Operation Ceasefire.

6.     Jaime Constantino: Constantino is an employee in the OVP. He will testify about his experiences and communications with Plaintiff. Constantino may also testify about the responsibilities of the City's Peacekeepers/Outreach Workers.

7.     Florence Low: Low is an employee in the City Manager's Office. She will testify about her communications with Plaintiff and about the City's grants program. She may also testify about her experiences as a female employee in the City Manager's Office.

8.     Debbie Shipp: Shipp is an employee in the City's Human Resources Office. She will testify about the City's hiring and recruitment process as well as the creation of new City

positions. Shipp will also testify about the City's civil service and classification rules. Shipp will also testify about her communications and interactions with the Plaintiff during her employment.

9.      Chief of Police Eric Jones: Chief Jones will testify about Operation Peacekeeper and Operation Ceasefire as well as his communications and interactions with the Plaintiff during her employment with the City.

10.     City Council Member Moses Zapian: Councilmember Zapian will testify about his interactions and communications with Plaintiff during her employment with the City.

11.     Deputy Chief of Police Trevor Womack: Deputy Chief Womack will testify about the Operation Peacekeeper and Operation Ceasefire programs as well as his communications and interactions with the Plaintiff.

12.     Stephanie Van Steyn: Van Steyn is an employee in the City's Human Resources Department. She will testify about the City's Civil Service and classification rules, and her communications and interactions with Plaintiff during her employment with the City. Van Steyn may also testify about the City's personnel rules and policies.

13.     DeAnna Solina: Solina is the Director of Human Resources for the City. Solina will testify about her communications and interactions with Plaintiff during her employment with the City. Solina may also testify the City's practices, training, and hiring and separation procedures, as well as the City's civil service and classification rules and the City's personnel rules and policies. Solina may also testify regarding the City's practice with respect to, and history of, accommodating pregnant employees.

14.     Laurie Montes: Montes is the Executive Assistant to the City Manager/Deputy City Manager. Montes will testify about her communications and interactions with Plaintiff while she was employed by the City. Montes may also testify about the City's civil service and classification rules as well as the City's personnel rules and policies. She may also testify about her experiences as a female employee in the City Manager's Office, her experience with wage and hour practices of Peacekeepers, and experience with grant funding at the City.

15.     Earnest Bass: Bass is an employee of the Office of Violence Prevention. He may testify about his interactions and communications with Plaintiff while she was employed with the City.

30

16.     Stanley Thomas: Thomas is an employee of the Office of Violence Prevention. He may testify about his interactions and communications with Plaintiff while she employed with the City.

17.     Latoya Simmons: Simmons was Plaintiff's Administrative Assistant. Simmons will testify about her interactions and communications with Plaintiff while she employed with the City.

18.     City Councilman Michael Tubbs: Councilmember Tubbs may testify about his communications and interactions with Plaintiff while she was employed by the City.

19.     Connie Cochran: Cochran is the City's Public Information Officer. Cochran may testify about her communications and interactions with Plaintiff while she was employed with the City. She may also testify about her experiences as a female employee at the City.

20.     Stewart Wakeling: Wakeling is the Executive Director of the Community Partnership for Safe Communities. Wakeling may testify about Plaintiff's hiring and his communications and interactions with her after she was hired. Wakeling may also testify about his communications with Christian Clegg about Plaintiff and goals of the OVP.

21.     Plaintiff Jessica Glynn: Defendant expects her to testify regarding the allegations in her First Amended Complaint, alleged damages and mitigation of such damages.

22.     Marci Arredondo: Arredondo is a Deputy City Attorney for the City of Stockton. She is expected to testify regarding what Plaintiff said during a meeting involving a discussion of Peacekeeper timekeeping.

23.     Neal Lutterman: Lutterman is a former Deputy City Attorney with the City of Stockton and may testify regarding what he heard Plaintiff say regarding communications between Peacekeepers and the Stockton Police Department.

24.     John Luebberke: Luebberke is the City Attorney for the City of Stockton. He may testify regarding what he heard Plaintiff say regarding communications between Peacekeepers and the Stockton Police Department.

25.     Susana Alcala Wood:  Wood is the Assistant City Attorney for the City of Stockton. She may testify regarding what she heard Plaintiff say regarding communications between Peacekeepers and the Stockton Police Department.

26.     Jubin Merati: Dr. Merati is an expert witness, expected to testify regarding Plaintiff's alleged damages.

27.     Joanne Latham: Latham is an expert witness, expected to testify regarding Plaintiff's alleged damages.

Attachment D: Plaintiff's Exhibit List

| Exhibit No. | Document Description | Bates No. |
|---|---|---|
| 1. | Printout of webpage/copy of August 11, 2009 memorandum prepared by "Alicia Duer, Grants Manager" for Deputy City Manager Laurie Montes, concerning a Juvenile Accountability Block Grant, pursued by Ms. Montes and Ms. Duer as part of the grant funding for Peacekeepers in 2009. | JG 000712-JG 000716 |
| 2. | City of Stockton, California, City Manager Administrative Directive- HR – 15 -  Discrimination and Harassment Policy, (March, 2010) | 000114-000125 |
| 3. | City of Stockton, California, City Manager Administrative Directive- HR – 13- "Employee Performance Evaluation" policy (4/18/11) | Exhibit 20 to Van Steyn Depo |
| 4. | Operation Peacekeeper Program Policies and Procedures (Created January 2008 (4th Revision Effective May 15, 2013) | 005072-005083 |
| 5. | Email between Laurie Montes and Ralph Womack dated January 29, 2013 re:  "FLSA training" | 007810 |
| 6. | Email correspondence exchanged between Ralph Womack, Laurie Montes, Deanna Solina etc. re: "Possible FLSA training-possible overtime issue." | 007809 |
| 7. | Email between Laurie Montes and Ralph Womack dated February 13, 2013 entitled "meeting." | 007811 |
| 8. | January 5, 2014 - Stockton Ceasefire One-Year Implementation Update California Partnership for Safe Communities. | Exhibit Q to Declaration of Jessica Glynn |
| 9. | April 2014 email correspondence from Frances Hutchins of BHS to Alicia Duer and Ken Praegitzer regarding new MHSA plan, regulations and end of current BHS funding program. | 004005-004006 |
| 10. | May 20, 2014- Job Description for City of Stockton OVP Manager position | 000073-000075 |
| 11. | Comprehensive Summary of City of Stockton Unrepresented Management/Confidential and Law Employees Compensation Plan (July 1, 2014) | 000082-000113 |
| 12. | Stockton Municipal Code, Charter, and Civil Service Rules, Section 1201 ("City Manager shall *appoint* all officers and employees of the City of Stockton) | |

| | | | |
|---|---|---|---|
| 13. | San Joaquin MHSA Three-Year Program and Expenditure Plan - 2014-15 – 2016-17 –  February 24, 2014 Presentation to Steering Committee | JG000717-JG 000738 |
| 14. | San Joaquin County Behavioral Health Services Prevention and Early Intervention Evaluation Report – Fiscal Year 2012/2013 (Prepared June, 2014) | JG000861-JG 000978 |
| 15. | San Joaquin County Behavioral Health Services Mental Health Services Act (MHSA) Three Year Program and Expenditure Plan-2014-2017 (September, 2014) | JG000739-JG000860 |
| 16. | City of Stockton's September 26, 2014  Job Offer letter to Jessica Glynn for OVP Manager position | 000008 |
| 17. | Christian Clegg's October 6, 2014 email to David Bennett re: Office of Violence Prevention: *"We have hired a very qualified candidate to head up the office."* | 000883 |
| 18. | Kurt Wilson's October 8, 2014 memorandum to Teresia Zadroga Haase, Human Resources Director, re: Office of Violence Prevention Manager-Step 6. | 000063 |
| 19. | Email correspondence between Plaintiff and Christian Clegg dated October 9, 2014 entitled "Couple of items" | 000315 |
| 20. | Plaintiff's September 26, 2014 job offer letter signed October 8, 2014. | 000008 |
| 21. | Ken Praegitzer October 8, 2014 memorandum to Peacekeepers re: Operation Peacekeeper Core Objectives | 008468-008470 |
| 22. | Email chain between Jessica Glynn and Christian Clegg dated October 9, 2014 at 9:24 AM entitled" Couple of items" | JG 000012-JG 000013 |
| 23. | Defendant City of Stockton Human Resources (Mary Johnson, Human Resources Technician) confirming Jessica Glynn's appointment to OVP Manager position, and attaching October 10, 2014 correspondence from Deanna Solina) re: confirmation of approval of Glynn's appointment to OVP Manager position. | JG  000274-JG 000281 |
| 24. | October 20, 2014 email correspondence between Plaintiff and Karen Costa regarding setting up an appointment for Plaintiff with City Manager Kurt Wilson | 006937 |
| 25. | October 21, 2014 2:03 pm email correspondence between Plaintiff and Karen Costa | 006903 |

| 26. | October 21, 2014 2:17 pm email correspondence between Plaintiff and Karen Costa | 006904 |
|---|---|---|
| 27. | October 21, 2014 2:19 pm email correspondence between Plaintiff and Karen Costa regarding scheduling appointment for Plaintiff and Director of Human Resources DeAnna Solina, and request for Plaintiff to immediately call Ms. Solina. | 006905 |
| 28. | October 24, 2014 email correspondence from Stewart Wakeling, CPSC re: new OVP "Director," Jessica Glynn. | 000384 |
| 29. | October 24, 2014 email correspondence from Christian Clegg to Jessica Glynn re:  "On the phone with IT" | 000461 |
| 30. | November 7, 2014.email correspondence from  Stewart Wakeling, CPSC re: new OVP "Director, Jessica Glynn." | 000385 |
| 31. | Plaintiff's November 7, 2014 email correspondence to Peacekeepers re:  Youth Outreach Coordinator Position Vacancy | 0006761 |
| 32. | November 10, 2014 email correspondence from Plaintiff to Christian Clegg re: follow up on scheduling a further "*Meeting with Kurt re: legal and safety concerns of Peacekeepers.*" | 001006 |
| 33. | November 10, 11 and 12 email correspondence from Stewart Wakeling of CPSC regarding CalGrip grant application rejection. | CPSC 1162-1163; CPSC 1262-1265 |
| 34. | November 11, 2014 email correspondence from Ken Praegitzer to Robina Asghar, Executive Director of CPFSJ re:  OVP "Director, Jessica Glynn." | 006726 |
| 35. | Jaime Constantino's November 12, 2014 email to Plaintiff with his application for the Supervisor position. | 005254 |
| 36. | November 13, 2014 email correspondence where Plaintiff directed Operation Peacekeeper Program Manager Ken Praegitzer, to postpone the scheduled November 19, 2014 "Core Group" meeting, in light of the Peacekeeper information sharing and legal issues Plaintiff had recently raised. | 006706 |
| 37. | Plaintiff's November 19, 2014 emails regarding scheduling of internal staff interviews | 006662-006664 |
| 38. | November 17, 2014 email correspondence from Plaintiff to Alicia Duer, Christian Clegg and Ken Praegitzer re:  BHS Proposal and MOU | 006684;  006687 |

| 39. | November 18, 2014 email correspondence from Florence Low to Plaintiff re:  Staff Report and Reso for the BHS Grant 2014-15 | 005084-005090 |
|---|---|---|
| 40. | November 19, 2014 email correspondence from Plaintiff in follow up to request for scheduling meeting with  city Manager, City attorneys and Police chief regarding Plaintiff's legal concerns. | 006652 |
| 41. | November 20, 2014 memorandum from Jessica Glynn to Jose Gomez and Ken Praegitzer re: Youth Outreach Coordinator Transition | 006200 |
| 42. | December 18, 2014 email from Frances Hutchins of BHS, that a new Request for Proposal would be issued "*in early 2015.*" | 009610 |
| 43. | January 5, 2015 email correspondence from Jose Gomez to Sammy Nunez, Executive Director of Father & Families, re: Jessica Glynn as new OVP Director. | 005341-005342 |
| 44. | January 13, 2015 email correspondence from Florence Low to Plaintiff, Alicia Duer and Ken Praegitzer re: PEI Funding for Operation Peacekeepers, with embedded emails of (1) December 18, 2014 from Frances Hutchins to Alicia Duer and Ken Praegitzer and (2) April 11, 2014 from Frances Hutchins to Alicia Duer and other recipients regarding PEI meetings; "*Thank you for attending yesterday..*" | 004005-004006<br>004384-4385 |
| 45. | Email Chain between Florence Low, Jessica Glynn, Ken Praegitzer, Alicia Duer, and Frances Hutchins dated January 14, 2015 at 2:13 PM entitled "Re: Fwd: PEI funding for Operation Peacekeepers." | 009040-009042 |
| 46. | January 16, 2015 email correspondence from Plaintiff to Alicia Duer requesting a meeting to discuss the letter of intent process for the BHS grant, and asking for Ms. Duer's help. | 009044 |
| 47. | January 16, 2015 auto-reply from Ms. Duer's email to Plaintiff, indicating Ms. Duer was out of the office from January 16, 2015 until Tuesday January 20, 2015. | 003588 |
| 48. | January 26, 2015 email from Plaintiff to Alicia Duer re: Letter of Intent advice. | 009043 |
| 49. | January 26, 2015 email from Alicia Duer to Plaintiff stating "*City offices are closed Friday January 23, 2015.* | 004796 |
| 50. | Jose Gomez's January 28, 2015 memorandum to Christian Clegg re:  "*Bias treatment of Employees and Hostile Work Environment.*" | 002699-002702 |

| 51. | January 29, 2015 email correspondence from Ken Praegitzer Judy at Heritage Eye Skin & Laser Center, dated January 29, 2015 re: Jessica Glynn/new OVP Director. | 005057 |
|---|---|---|
| 52. | January 30, 2015 email correspondence from Michael Tubbs re: "Intro" to New Director Jessica Glynn." | 007802 |
| 53. | Christian Clegg notes re: investigation/ interviews Constantino and Gomez | 02703-002705 |
| 54. | Christian Clegg 2/15 notes re: "*Summary of Key Issues – Management style and fit of Jessica Glynn as OVP Manager.*" | 002706-2707 |
| 55. | Christian Clegg 2/15 notes re: "*Notes re: Concerns related to Jessica Glynn's management style and performance.*" | 002711-002719 |
| 56. | February 4, 2015 email correspondence from Alicia Duer to Frances Hutchins at BHS re: "PEI Funding for Operation Peacekeepers." | 007262 |
| 57. | February 4, 2015 email correspondence from Frances Hutchins at BHS to Alicia Duer | 007262 |
| 58. | February 5, 2015 email from Alicia Duer to Plaintiff, forwarding Frances Hutchins email and stating "*I guess we may have missed it. Still going to research to be sure.*" | 007231 |
| 59. | February 5, 2015 email from Alicia Duer to Plaintiff re: PEI Funding for Operation Peacekeepers, stating "*Let me know what I can do to assist.*" | 005529 |
| 60. | February 10, 2015 email correspondence from Plaintiff to various Ceasefire partners with Call-In rehearsal agenda. | 000386-000387 |
| 61. | February 11, 2015 email correspondence from Gretchen  Newby/ Executive Director of Friends Outside to Plaintiff  Jessica Glynn right after the February 11, 2015 Call-in rehearsal ended. | 005335-005336 |
| 62. | February 11 - 12, 2015 email correspondence between Plaintiff and Billy Olpin of BHS. | 005327 |
| 63. | February 13, 2015 email from Karen Heil of Mule Creek Prison to Plaintiff re: Call In success. | 005306 |
| 64. | Text messages exchanged between Plaintiff Jessica Glynn and City Councilman Michael Tubbs on February 13- 14, 2015. | JG 000361-JG 000362 |

| | | | |
|---|---|---|---|
| 65. | February 13, 2015 Correspondence from Kurt Wilson to Plaintiff re: termination of employment, with attachments. | 000006-000007 |
| 66. | March 10, 2015 correspondence from Tom. Amato and Rev. Ernest Williams' to City Manager Kurt Wilson, with copies to the Mayor, City Council, Police Chief Eric Jones and Jessica Glynn. | JG 000077 – JG 000078 |
| 67. | Operation Peacekeeper Program Policies and Procedures (Created January 2008)(6th Revision effective August 15, 2015) | |
| 68. | Plaintiff Jessica Glynn's Calendar (10/14 – 2/15) | 008446-008455 |
| 69. | Plaintiff Jessica Glynn's moleskin notebook (10/14 – 2/15) | JG 00079- JG 000140 |
| 70. | Declaration of Kurt Wilson dated May 10, 2016 | JG 000932- JG 000967 |
| 71. | Declaration of Pheakday Youn dated June 17, 2016. | JG 000973- JG 000974 |
| 72. | Declaration of Florence Low dated May 9, 2016 | JG 000928- JG 000931 |
| 73. | Declaration of Christian Clegg dated May 10, 2016 | JG 000968- JG 000969 |
| 74. | Declaration of Florence Low dated June 23, 2016. | JG 000970- JG 000972 |
| 75. | Declaration of Jaime Constantino dated May 6, 2016 | JG 000926- JG 000927 |
| 76. | Declaration of Ken Praegitzer dated May 9, 2016 | JG 000924- JG 000925 |
| 77. | Printout from www.GovCB.com re:  BHS Grant RFP | JG 000921 |
| 78. | Printout from www.californiabids.com re:  BHS Grant RFP | JG 000922- JG 000923 |
| 79. | Printout from www.usaopps.com re:  BHS Grant RFP | JG 000922-JG 000923 |

38

| 80. | Printout from NAPC web site re: BHS Grant RFP | JG 000917- JG 000918 |
| 81. | 2016 Printout from City of Stockton's current website re: Alicia Duer  "Grant Manager" and point of contact. | JG 000709-JG 000711 |
| 82. | 12/26/14 email from Starr Leasing Department to Jessica Glynn regarding inquiry for 144 Walnut house lease | JG 000632 |
| 83. | 12/31/14 Email exchanges between Jessica Glynn and Debra Glynn regarding 144 E. Walnut Street, Stockton house lease | JG 000631 |
| 84. | 1/6/15 email correspondence exchanged between Jessica Glynn and Eric Sotelo/Realtor re: 144 E. Walnut Street, Stockton house lease | JG 000633 |
| 85. | 1/7/15 email correspondence exchanged between Jessica Glynn and Eric Sotelo/Realtor re: 144 E. Walnut Street, Stockton house lease | JG 000634 |
| 86. | 1/7/15 Email exchanges between Jessica Glynn and Debra Glynn regarding 144 E. Walnut Street, Stockton house lease | JG 000635 |
| 87. | 1/14/15 email correspondence exchanged between Jessica Glynn and Eric Sotelo/Realtor re: 144 E. Walnut Street, Stockton house lease | JG 000636 |
| 88. | Residential Lease – One year term – Jessica Glynn/Santiago Salinas for 144 E. Walnut Street, Stockton house lease executed 1/16/15 | JG 000638-JG 000643 |
| 89. | 1/24/15 email correspondence exchanged between Jessica Glynn and Eric Sotelo/Realtor re: 144 E. Walnut Street, Stockton house lease –move in date | JG 000637 |
| 90. | Craig Enos - Defense Expert Report – March 30, 2016 and exhibits thereto | ECF # 17 |
| 91. | June 2, 2016 email chain between Jessica Glynn, and Rebecca Zaras and Kathy Brown of YWCA re: Meeting with Sherriff | JG 000644 |
| 92. | June 2-6, 2016 email chain between Jessica Glynn, and Grace Lubwama, Rebecca Zaras and Kathy Brown of YWCA re: Meeting with Kalamazoo prosecuting attorney | JG 000645 – JG  000649 |
| 93. | June 16, 2016 Article – Local Coalition Working to Stop Violence | JG 000 651-655 |
| 94. | Plaintiff/YWCA $5K Contract  and invoice | JG 000656- |

| | | | JG 0006661 |
|---|---|---|---|
| 95. | July 6, 2016 email from Sarah Baker re: Violence Prevention Task Force meeting | | JG 000662-JG000666 |
| 96. | July 8, 2016 email from William re: Human Trafficking Task Force meeting | | JG 000667-JG 000668 |
| 97. | July 11, 2016 email from Jessica Glynn re: Human Trafficking Task Force meeting | | JG 000669-JG 000670 |
| 98. | July 12, 2016 email from Sarah Baker re: Violence Prevention | | JG 000671-JG 000672 |
| 99. | July 13, 2016 email from Sarah Baker to William re: Human Trafficking Task Force meeting | | JG 000673-JG 000674 |
| 100. | July   14, 2016 email from Grace Lubwama/CEO of YWCA Kalamazoo re: grant opportunities | | JG 000675-JG 000679 |
| 101. | July 14, 2016 email from Sarah Baker re: Human Trafficking Task Force meeting | | JG 000680-JG 000681 |
| 102. | July 18, 2016 email from Jessica Glynn re: Human Trafficking Task Force-Protocol Working Group | | JG 000682-JG 000683 |
| 103. | July 21, 2016 email from Jessica Glynn re: Human Trafficking Task Force-Protocol Working Group | | JG 000684-JG 000685 |
| 104. | July 29, 2016 email from Sarah Baker re: Opportunities to support Violence Prevention and Build a Healthier community | | JG 000686-JG 000687 |
| 105. | August, 2016 YWCA Kalamazoo/Jessica Glynn job offer letter | | JG 000689-JG 000690 |
| 106. | August 9, 2016 email from Danielle Sielatycki re: Kalamazoo Violence Prevention Task Force Reminder 8.11.16 | | JG 000691-JG 000692 |
| 107. | July 21, 2016 Article Re: Operation Ceasefire effort in Kalamazoo, MI. | | JG 000696-JG 000706 |
| 108. | October 11, 2012 Article re: Kalamazoo commitment to Ceasefire initiative. | | JG 000707-JG 000708 |
| 109. | Jessica Glynn updated resume, August 2016. | | JG 000974-JG 000975 |

Attachment E: Defendant's Exhibit List

| Exhibit | Description | Bates-stamp |
|---------|-------------|-------------|
| A (1-3) | Office of Violence Prevention Manager Job Description | 000073-000075 |
| B | City of Stockton Offer of Employment to Jessica Glynn dated September 26, 2014 and signed by Glynn on October 8, 2014 | 000008 |
| C | Email between Clegg, E. Jones, and Wakeling dated October 7, 2014 entitled "October 22nd – meeting with OVP director and community engagement lead" | 001337 |
| D | Memorandum between Kurt Wilson and Teresia Zadroga-Haase dated October 8, 2014 entitled "Office of Violence Prevention Manager – Hire at Step 6" | 000063 |
| E (1-2) | Email chain between Jessica Glynn and Christian Clegg dated October 9, 2014 at 9:24 AM entitled" Couple of items" | 000315 |
| F (1-3) | Press Release dated October 10, 2014 "Stockton Announces Two Key Positions Filled: Director Community Services and Office of Violence Prevention Manager Selected" | 001815-1817 |
| G | Correspondence between Jessica Glynn and Deanna Solina dated October 10, 2014 entitled "Office of Violence Prevention Manager" | 000028 |
| H (1-3) | Email chain between Christian Clegg, Jessica Glynn, and Connie Cochran dated October 14, 2014 between 11:43 AM and 10:00 PM | JG000014-0000016 |
| I | Email chain between Jessica Glynn and Karen Costa dated October 21, 2014 between 12:38 PM and 2:17 PM | 006904 |

41

| | | |
|---|---|---|
| | entitled "Meetings with HR" | |
| J (1-2) | Email chain between Jessica Glynn and JoAnne Montanez dated October 23, 2014 at 10:39 AM entitled "Re: Privilege for communications between Peacekeepers and clients" | 006882-006883 |
| K | Email between Jessica Glynn and Jose Gomez dated October 30, 2014 at 10:45 AM entitled "Non-Exempt" | 006831 |
| L (1-12) | Operation Peacekeeper Program Policies and Procedures – Created January 2008, 4th revision effective May 15, 2013 | 005072-005083 |
| M (1-4) | Inter-Office Memorandum between Jose Gomez to Christian Clegg dated January 28, 2015 entitled "Bias Treatment of Employees and Hostile Work Environment | 002699-002701 |
| N (1-3) | Clegg notes from 2/2 of meeting between he and Jose Gomez regarding claim of hostile work environment | 002703-002705 |
| O (1-9) | Christian Clegg's type-written notes entitled "OVP Notes" | 002711-002719 |
| P (1-2) | Christian Clegg's type-written notes entitled "Summary of key Issues – Management Style and fit of Jessica Glynn as OVP Manager" | 002706-2707 |
| Q | Email between Glynn, Alicia Duer, Christian Clegg, and Ken Praegitzer dated November 17, 2014 at 10:32 AM entitled "BHS proposal and MOU" | 006684 |
| R | Email between Plaintiff, Alicia Duer, Florence Low, Christian Clegg, and Ken Praegitzer dated November 17, 2014 at 12:02 PM entitled "Re: BHS proposal and MOU" | 006687 |
| S (1-3) | Email between Florence Low | 005084-005085; 005090 |

| | | |
|---|---|---|
| | and Jessica Glynn dated November 18, 2014 at 4:31 PM entitled "Staff Report and Reso for the BHS Grant 2014-15" | |
| T (1-2) | Email chain between Florence Low, Jessica Glynn, Ken Praegitzer, Alicia Duer, and Frances Hutchins dated January 13, 2015 at 3:38 PM entitled "Fwd: PEI funding for Operation Peacekeepers" | 004384-4385 |
| U (1-4) | Email Chain between Florence Low, Jessica Glynn, Ken Praegitzer, Alicia Duer, and Frances Hutchins dated January 14, 2014 at 2:13 PM entitled "Re: Fwd: PEI funding for Operation Peacekeepers" | 009040-00942 |
| V | Email between Alicia Duer and Jessica Glynn dated January 16, 2015 at 2:41 PM entitled "Re: Letter of intent advice (OUT OF OFFICE)" | 003588 |
| W | Email between Alicia Duer and Jessica Glynn dated January 26, 2015 at 3:02 PM entitled "Re: Letter of Intent advice" | 004796 |
| X | Email chain between Frances Hutchins and Alicia Duer dated February 4, 2015 at 1:42 PM and 1:52 PM entitled "Fwd: PEI funding for Operation Peacekeepers" | 007262 |
| Y | Email chain between Alicia Duer and Jessica Glynn dated February 4, 2015 at 5:33 PM entitled "Fwd: RE: PEI funding for Operation Peacekeepers" | 007276 |
| Z | Email chain between Alicia Duer and Jessica Glynn dated February 5, 2015 at 9:57 AM entitled "Re: PEI funding for Operation Peacekeepers" | 007231 |
| AA | Email chain between Jessica Glynn and Karen Costa dated November 24, 2014 at 10:07 AM entitled "Office assistant | 006213 |

43

| | | |
|---|---|---|
| | candidates" | |
| BB | Email chain between Jessica Glynn, Christian Clegg, and Debbie Shipp dated November 24, 2015 between 10:59 AM and 5:11 PM entitled "Re: Interview Schedule for Tuesday, Nov. 25—Office Asst II – OPV" | 002091 |
| CC (1-3) | Email chain between Jessica Glynn, Debbie Shipp, Karen Costa, and Florence Low dated December 5, 2014 at 3:20 PM through December 9, 2014 at 4:02 PM entitled "Update re Interviews next Tuesday, Dec. 9, for Office Assistant – OVP" | 006388-6389;006394 |
| DD | Email chain between Jessica Glynn, Debbie Shipp, and Mary Johnson dated December 9, 2014 between 3:46 PM and December 10, 2014 at 11:58 AM entitled "Update re Interviews next Tuesday, Dec. 9, for Office Assistant – OVP" | 002072 |
| EE (1-2) | Email chain between Jessica Glynn, Mary Johnson, Debbie Shipp, and Christian Clegg dated December 15, 2014 between 2:44 PM and 3:35 PM entitled "Re: Latoya Simmons" | 000565-566 |
| FF | Email chain between Jessica Glynn and Christian Clegg dated November 5, 2014 at 4:55 PM and January 2, 2015 at 11:28 AM entitled "Two items" | 006630 |
| GG | Email between Laurie Montes and Ralph Womack dated January 29, 2013 at 7:24 PM entitled "FLSA training" | 007810 |
| HH | Email chain between Ralph Womack, Tami Matuska, Laurie Montes, and DeAnna Solina dated January 30, 2013 at 10:12 AM and 10:19 AM entitled "Re: Possible FLSA training – possible issue regarding overtime" | 007809 |

44

| II | Email between Laurie Montes and Ralph Womack dated February 13, 2013 at 4:04 PM entitled "meeting" | 7811 |
|----|----|----|
| JJ (1-2) | Instant Message Chain between Jessica Glynn and Michael Tubbs dated February 13, 2015 at 8:27 PM | JG000361-000362 |
| KK | Email between Jessica Glynn and Christian Clegg dated October 24, 2014 between 8:41 AM and 12:18 PM entitled "Re: On the phone with IT" | 006875 |
| LL (1-2) | Email chain from Christian Clegg and Jessica Glynn dated October 14, 2014 at 10:09 PM and October 15, 2015 at 9:23 AM entitled "Re: Thursday" | JG000019-000020 |
| MM (1-19) | Jessica Glynn's June 17, 2016 declaration in support of her Opposition to the City's Motion for Summary Judgment | Not Bates-Stamped: will be marked KK -1 through KK-19. |
| NN (1-17) | Expert Report of Jubin Merati, Ph.D., and attached exhibits | ECF Doc. 18 filed April 4, 2016 |
| OO (1-17) | Expert Report of Joanne Latham, M.A., CRC, MFT, CCM, ABVE/D, CLCP and attached exhibits | ECF Doc. 18 filed April 4, 2016 |
| PP | City of Stockton Hire/Personnel Action Form dated October 10, 2014 | 000011 |
| QQ | City of Stockton Employment Categories | 000080 |
| RR | Email chain between Jessica Glynn and Christian Clegg dated October 29 and 30, 2014 at 9:23 AM and 12:03 PM entitled "My schedule today" | 000547 |
| SS | Plaintiff produced approximately three hundred additional documents regarding her damages on August 9, 2016. The City has not been able to review the entire production. The City reserves the right to use any of Plaintiff's production Bates-stamped 000644-000976. | |
| TT | Email chain between Trevor Womack and Christian Clegg dated January 13, 2015 at 2:08 PM entitled "FW: Ceasefire | 000309 |

| | | |
|---|---|---|
| | re-entry call-in workshop confirmation for 1/15 at 1pm" | |
| UU | Email chain between Christian Clegg and Glenn Shields and Jose Rodriguez dated October 9, 2014 at 9:42 AM entitled "Jose and Pastor Shields" | 000320 |
| VV (1-5) | City of Stockton Invitation for Applications for Office of Violence Prevention Manager | 000359-000360; 002151-2153 |
| WW (1-2) | Resume of Jessica Glynn to City of Stockton | 000039-000040 |
| XX (1-2) | Email chain between Jessica Glynn and Alicia Duer dated January 16, 2015 at 2:41 PM; January 20, 2015 at 2:18 PM; and January 26, 2015 at 11:02 PM entitled "Letter of intent advice" | 009042-009043 |

46

Attachment F: Plaintiff's Discovery Documents Plaintiff Intends to Use at Trial

| | *DISCOVERY DOCUMENT NAME* |
|---|---|
| 1. | Defendant City of Stockton's Amended Initial Disclosures |
| 2. | Defendant City of Stockton's responses to RFPD, Set One |
| 3. | Defendant City of Stockton's Supplemental Responses to RFPD, Set One |
| 4. | Defendant City of Stockton's Supplemental Responses to RFPD, Set One – Privilege Log |
| 5. | Defendant City of Stockton's Responses to RFPD, Set Two |
| 6. | Defendant City of Stockton's Responses to RFPD, Set Three |
| 7. | Defendant City of Stockton's Responses to RFPD, Set Four |
| 8. | Defendant City of Stockton's Responses to RFPD, Set Five |
| 9. | Defendant City of Stockton's responses to Special Interrogatories, Set One |
| 10. | Defendant City of Stockton's Supplemental Responses to Special Interrogatories, Set One |

Attachment G: Deposition Transcripts Plaintiff Intends to Use at Trial

| | DEPOSITION TRANSCRIPT | PORTIONS FOR USE AT TRIAL |
|---|---|---|
| 1. | Deposition transcript of Defendant, City of Stockton Person Most Qualified (PMQ) Designee, Christian Clegg, Volume I, taken on October 27, 2015. | Page/line: 19:14-20:3; 36:10-38:5; 38:20-22; 39:19-43:8; 44:21-45:13; 46:6-61:25; 61:6; 63:1-25; 64:1-4; 65:4-9; 73:3-13; 83:19-85:14; 86:7-91:18; 97:12-98:1; 99:14-100:12; 120:4-12; 121:5-13; 122:5-8; 123:12-17; 125:3-19; 128:10-133:12; 136:15-137:-10; 148:5-8; 151:2-169.19; 171:15-175:1; 174:17-175:2; 175:11-183:2; 186:20-22; 190:16-197:18; 197:19-202:6; 202:14-209:25; 210:9-226:7; 226:9-230:13; 235:12-236:14; 240:1-14; 241:3-12; 241:24-242:14; 243:13-18; 243:25-244:20; 249:8-12; 254:2-256:5; Exh. 3 (pages 2606-2607); Exh. 11. |
| 2. | Deposition transcript of Defendant, City of Stockton Person Most Qualified (PMQ) Designee, Christian Clegg, Volume II, taken on October 28, 2015. | Page/line: 236:20-22; 267:2-274:25; 278:13-280:3; 281:6-282:4; 284:25- 287:3; 287:4-288:6; 289:18-297:25; 299:17-300:20; 301:2-5; 304:25-305:19; 305:7-10; 308:15-311:5; 312:12-19; 336:15-337:11; 337:22-25; 338:3-11; 343:15-344:2; 345:2-7; 345:17-24; 352:16-25; 353:1-359:4; 359:17-360:1; 397:11-401:14; 415:22-416:17; 418:21-425:8; 426:25-444:19; 446:6-11; 455:15-456:7; 485:23-487:11;  494:11-496:22. |
| 3. | Deposition transcript of Defendant, City of Stockton Person Most Qualified (PMQ) Designee Kurt Wilson, taken on October 29, 2015. | Page/line: 4:13-21; 9:17-11:2; 12:4-13:3; 16:5-18:12; 22:21-26:21; 28:4-8; 29:11-23; 32:17-20; 35:5-21; 42:21-25; 50:9-14; 53:3-54:6; 58:5-12; 60:17-61:16; 62:21-63:16; 63:19-24; 64:12-16;  64:22-66:4; 66:18-69:22; 70:12-21; 71:11-71:25; 72:15-18; Exh. 14; Exh. 15; |
| 4. | Deposition transcript of Defendant, City of | Page/line: 6:1-15; 10:6-18; 11:14- |

48

| | | | |
|---|---|---|---|
| | | Stockton Person Most Qualified (PMQ) Designee Ken Praegitzer, taken on November 9, 2015. | 16:1; 13:1-9; 17:11-19:3; 19:15-21:11; 20:1-22:21; 23:17-24:4; 25:20-27:17; 28:4-30:10; 32:9-14; 33:7-35:25; 33:20-35:6; 36:4-9; 37:6-22; 38:16-39:11; 39:24-41:8; 41:22-43:7; 43:16-45:6; 46:7-47:14; 48:18-49:24; 49:1-22; 53:15-56:12; 61:3-62:4; 63:1-11; 73:23-74:12 |
| | 5. | Deposition transcript of Defendant, City of Stockton Person Most Qualified (PMQ) Designee Deanna Solina, taken on November 9, 2015. | Page/line: 4:13-16; 5:3-6:11; 8:18-13:2; 13:15-14:24; 15:13-15:24; 16:22-18:23; 19:3-22:17; 23:24-24:4; 24:18-27:12; 27:22-29:7; 29:19-24; 30:6-33:19; 33:25-35:9; 35:11-41:9; Exh. 32 |
| | 6. | Deposition transcript of Defendant, City of Stockton Person Most Qualified (PMQ) Designee Stephanie Van Steyn, taken on October 29, 2015. | Page/line: 4:13-5:16; 8:3-16; 9:14-11:19; 13:6-14:1; 14:2-25; 15:17-19:3; 20:21-21:20; 22:5-24:19; 24:23-26:25; 28:1-29:11; 29:14-30:19-31:7; 40:6-42:22; 43:24-51:5; 55:23-57:3; 59:9-15; 60:9-62:17; 64:7-14; 65:2-5; 65:19-66:16; 74:23-76:3; 76:4-11; 76:5-78:1  76:24-77:18; 79:9-81:7; 81:23-98:12; Exhs. 16; 17; 23; 24; 25; 26. |
| | 7. | Deposition transcript of Defendant, City of Stockton Person Most Qualified (PMQ) Designee Trevor Womack, taken on November 20, 2015. | Page/line: 4:13-17; 5:6-12; 7:19-8:3; 9:11-10:19; 11:1-14:3; 15:14-16:25; 18:3-19:15; 21:3-25:18; 25:23-31:6; 31:18-36:5; 36:17-38:15; 39:1-45:11; 46:4-47:9; 47:13-17; 48:5-49:13; 49:21-51:12; 52:1-56:11; 57:17-24; 59:1-6; 60:22-61:14; 63:23-65:8; 66:7-15; 75:19-77:10; 78:13-25; Exh. 34. |
| | 8. | Deposition transcript of Defendant, City of Stockton Person Most Qualified (PMQ) Designee Laurie Montes, taken on October 29, 2015. | Page/line: 4:22-25; 11:5-13:16; 13:23-20:25; 21:11-16; 21:22-22:8; 22:24-31:15; 31:20-33:2-36:23; 49:24-50:12. |
| | 9. | Deposition transcript of Savong Lam, taken on February 17, 2016. | Page/line: 6:16-8:18; 10:19-11:25; 40:6-41:3. 32:20-35:7; 44:14-45:22; 55:6-57:13; 57:17-58:20. |

| | | |
|---|---|---|
| 10. | Deposition transcript of Matthew Lam, taken on February 29, 2016. | Page/line: 4:3-18; 9:9 – 12; 10:24 – 12:19; 14:17 – 17:1; 20:10 – 21; 21:2-24:23; 33:23-34:17; 38:22-41:1; 3:12-21; 42:23-25; 43:12-46:20;  47:9 – 51:14; 52:19- 53:12; 54:9 – 24; 55:20 – 60:8; 65:4 – 12; 70:20 – 73:23;  74:22-77:10; 78:22 – 80:12; 83:5- 88:23 - 89:22; 91:6-94:1; 94:9 – 95:13; 114:25 – 115:13. |

Attachment H: Defendant's List of Deposition Transcripts and Discovery Responses

Deposition Transcripts:
1.   Plaintiff Jessica Glynn
2.   Michael Lam
3.   Robina Asghar
4.   Savong Lam
5.   Jose Gomez
6.   Ken Praegitzer
7.   Moses Zapien
8.   Santiago Salinas
9.   Debra Glynn
10.  Craig Enos
11.  Gene Acevedo

Discovery Responses:
1.   Plaintiff's Expert Disclosures
2.   Plaintiff's Responses to City's Special Interrogatories, Set One