UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA GLYNN, | No. 2:15-cv-00529-KJM-DB |
| Plaintiff, | |
| v. | ORDER |
| CITY OF STOCKTON, | |
| Defendant. | |

This case is confirmed for trial beginning now on February 1, 2017.

Defendant City of Stockton moves *in limine* to exclude testimony from Matt Lam, a former Peacekeeper terminated by Program Manager Ralph Womack in January 2009. Def.'s Mot. in Limine ("MIL") 16–22, ECF No. 48. The court held a motion hearing on October 7, 2016, in which Nancy McCoy appeared for plaintiff and Kimberly Horiuchi appeared for defendant. ECF No. 75. This order addresses the one motion the court did not decide at hearing.

Defendant argues Lam's testimony "should be excluded because it does not demonstrate any pattern of retaliation or demonstrate that [defendant's] reasons for terminating plaintiff [are pretexts]." Def.'s MIL at 18. One reason for this, defendant says, is because there is no overlap in decision-makers: Womack terminated Lam, whereas Assistant City Manager Christian Clegg and City Manager Kurt Wilson terminated plaintiff. *Id.* Defendant also alleges

1

Lam's testimony would be irrelevant to plaintiff's claim that she was terminated because of pregnancy, her gender, or alleged complaints of wrongdoing. Def.'s MIL at 19. Plaintiff opposes, arguing she and Lam are similarly situated because there is an overlap in the decision-makers deciding their fates. She also says Lam's testimony helps prove defendant was motivated to fire plaintiff for "mak[ing] legally protected complaints[.]" Pl.'s Opp'n 3–4, ECF No. 72.

The Federal Rules of Evidence define relevant evidence as "[having] any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Generally, evidence of other crimes, wrongs, or acts is admissible to prove motive or intent. *See* Fed. R. Evid. 404(b). Such evidence, however, must be more probative than prejudicial in order to be admissible. Fed. R. Evid. 403.

"It is clear that an employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility towards that group is the true reason behind firing an employee who is a member of that group." *Heyne v. Caruso*, 69 F.3d 1475, 1479 (9th Cir. 1995) (citation omitted). Groups can be defined in a number of ways, including by race, sex, and national origin. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259 (1981). In *Sprint/United Mgmt. Co. v. Mendelsohn*, the Supreme Court stated:

> The question whether evidence of discrimination by other supervisors is relevant in an individual [employment discrimination] case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. Applying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry.

552 U.S. 379, 388 (2008). Notably, the testimony in *Sprint* that the court determined may be admissible involved supervisors "who played no role in the adverse employment decision challenged by the plaintiff." *Id.* at 383. "Recognizing that 'there will seldom be eyewitness testimony as to the employer's mental processes,' . . . evidence of the employer's discriminatory attitude *in general* is relevant and admissible to prove . . . discrimination." *Heyne*, 69 F.3d at

1480 (quoting *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983)) (emphasis in original); *see also Metoyer v. Chassman*, 504 F.3d 919, 937 (9th Cir. 2007) (holding "that bigoted remarks by a member of senior management may tend to show discrimination, even if directed at someone other than the plaintiff," and "even if several years old").

Plaintiff specifically contends that Lam's testimony will show Lam was fired because he "made legally protected complaints about improper sharing practices between the police/Gang Unit and the Peacekeepers." Pl.'s Opp'n at 2. Plaintiff argues defendant's treatment of Lam parallels the treatment she experienced of being retaliated against for making similar complaints about improper sharing practices between the police and the Peacekeepers. *Id.* at 3–4. Plaintiff also contends there is an overlap in decision-makers, or at least in the decision-making chain: Supervisor Jose Gomez allegedly reprimanded Lam and also complained to plaintiff's supervisor when Lam and plaintiff engaged in essentially the same protected conduct. *Id.* That these alleged events occurred approximately six years apart does not weigh strongly against the testimony's relevance given plaintiff's contention, espoused during the motion hearing, that defendant's actions towards Lam and plaintiff are a part of pattern of unlawful conduct that spanned at least as many years. *See* ECF No. 75; *see also Quigley v. Winter*, 598 F.3d 938, 951 (8th Cir. 2010) (admitting "me too" testimony in a housing discrimination case even though witness had last rented from the defendant twelve years before the plaintiff filed her lawsuit); *Dindinger v. Allsteel, Inc.*, 2015 WL 11181335, at *8 (S.D. Iowa July 17, 2015) (finding "me too" evidence admissible even though parties' claims were separated by seven years). Because of the similarity of the allegations, the relevance of Lam's testimony outweighs any prejudice.

Therefore, defendant's motion to exclude Matt Lam's testimony is DENIED without prejudice, as governed by the court's Final Pretrial Order. *See* ECF No. 60.

IT IS SO ORDERED.

DATED: December 12, 2016.

_____
UNITED STATES DISTRICT JUDGE