UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA GLYNN, | No. 2:15-cv-00529-KJM-DB |
| Plaintiff, | |
| v. | ORDER |
| CITY OF STOCKTON, | |
| Defendant. | |

      On September 8, 2016, plaintiff Jessica Glynn filed a motion for sanctions. (Pl.'s Mot., ECF Nos. 52, 53.) In her motion, plaintiff argues she is entitled to sanctions under Federal Rule of Civil Procedure ("FRCP") 37(c)(1) because defendant City of Stockton failed to disclose eight pages of documents during discovery. (*See* Pl.'s Mot.) Defendant opposes plaintiff's motion. (Def.'s Opp'n, ECF No. 61.)

      In this case, the parties were required to fulfill their discovery requirements under FRCP 26(a) and (e) by February 29, 2016. (Pretrial Scheduling Order at 2, ECF No. 10.) However, on August 1, 2016, more than five months after the discovery cut-off, defendant produced additional discovery regarding an email chain: documents Bates-stamped 0009040– 009042. (McCoy Decl. ¶ 16, ECF No. 54.) On August 11, 2016, defendant produced additional documents, Bates-stamped 0009043–009044, regarding the same email chain. (*Id.* ¶ 28.) On the

1  same day, plaintiff discovered defendant had not produced documents bates-stamped 007809–
2  007811; defendant immediately produced these documents. (*Id.* ¶¶ 37–38; Ex. G, Horiuchi Decl.,
3  ECF No. 61-2.) Defendant does not dispute the late disclosure of these documents. (*See* Def.'s
4  Opp'n at 7.)

5  FRCP 37(c)(1) provides: "If a party fails to provide information or identify a
6  witness as required by Rule 26(a) or (e), the party is not allowed to use that information or
7  witness to supply evidence . . . at a trial, unless the failure was substantially justified or is
8  harmless." The Ninth Circuit explains that "[t]he party facing sanctions bears the burden of
9  proving that its failure to disclose the required information was substantially justified or is
10 harmless." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

11 Defendant argues that the late production of the eight pages of documents was
12 harmless because plaintiff was aware of the substance of the information contained in these
13 documents. (Def.'s Opp'n at 7.) To support its argument, defendant contends that plaintiff either
14 was aware of the substance of the emails or was a party to the email chains. (*Id.* at 7–9.)
15 However, even if plaintiff knew generally the content of these emails, knowledge the parties
16 dispute, defendant has not shown that plaintiff knew of the specific information the emails
17 contain. Defendant also suggests that, because the documents are Bates-stamped in succession,
18 plaintiff should have identified the gap in Bates-stamped documents 7809–11 closer in time to
19 when the documents were produced on July 31, 2015. (Def.'s Opp'n at 11; Ex. P, Horiuchi
20 Decl.) This argument improperly attempts to shift the burden to plaintiff; the court rejects it. *See*
21 *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 411 (E.D.N.C. 2014) ("[Defendant's]
22 various assertions about [plaintiff's] responsibilities to independently discover the undisclosed
23 agreements improperly attempt to shift the burden of discovery onto the requesting party.
24 [Defendant's] arguments are inappropriate and against the spirit and purpose of the discovery
25 rules.").

26 Accordingly, defendant has not met its burden of showing that its late disclosure of
27 Bates-stamped pages 9040–44 and 7809–11 was justified or harmless. In keeping with FRCP
28 37(c)(1), defendant may not use these documents or new information contained in the documents

at trial.  This order does not proscribe defendant's use of timely-disclosed information at trial, even if the information is duplicative in whole or part of the information contained in the documents excluded by this order.

Plaintiff also asks for additional sanctions under FRCP 37(c)(1)(A)–(C), which provides that the court: "(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions."  Plaintiff specifically requests that the court inform the jury of defendant's late disclosure and declare certain acts as established, order defendant conduct a further search of its records to ensure no other missing documents, and reopen limited discovery.  (Pl.'s Mot. at 20–22.)  Finally, plaintiff requests that the court award her $18,450 in attorney's fees caused by the late production of this discovery.  (Pl.'s Mot. at 19.)

Although defendant has not met its burden of showing that the late disclosure of the documents addressed here was justified or harmless, the court is not persuaded that additional sanctions are appropriate, particularly in light of the court's instant order barring defendant's use of the documents at trial.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (stating that a district court is "give[n] particularly wide latitude [and] discretion to issue sanctions under [FRCP] 36(c)(1)").  The court denies plaintiff's requests that the court inform the jury of defendant's late disclosure of the documents and declare certain facts as established as moot, and denies plaintiff's requests that the court order defendant to conduct a further search of its records and to allow limited reopened discovery as unsupported by the record.  Additionally, the court denies plaintiff's request to grant her attorney's fees under FRCP 37(c)(1)(A) in connection with this matter.

This order resolves ECF No. 52.

IT IS SO ORDERED.

DATED: January 11, 2017.

_____
UNITED STATES DISTRICT JUDGE