1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   JESSICA GLYNN,                      No.  2:15-CV-0529 KJM DB
12            Plaintiff,
13        v.                             FINAL JURY INSTRUCTIONS
14   CITY OF STOCKTON,
15            Defendant.
16
17
18   DATED:  February 14, 2017
19
20                                    _____
21                                    UNITED STATES DISTRICT JUDGE
22
23
24
25
26
27
28

                              1

**FINAL INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the parties, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. You, and you alone, are the judges of the facts. You must decide what the facts are and then apply those facts to the law which I will give to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 2**

You are the sole judges of the evidence in this case and it is up to you to evaluate the witnesses and other evidence. You are to perform this duty without bias, sympathy, prejudice, or what you think public opinion might be. You must impartially consider all the evidence in the case, following the law as stated in these instructions.

1

**FINAL INSTRUCTION NO. 3**

2

All parties stand equal before the law, and are to be dealt with as equals in a court of

3

justice.  An individual and a municipality such as a city are entitled to the same fair conscientious

4

consideration by you as any party.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**FINAL INSTRUCTION NO.  4**

2       You should not necessarily decide any issue of fact in favor of the side that brought more

3 witnesses or evidence at trial.

4       The test is which evidence convinces you because it is most believable.

5       In deciding contested issues, you should keep in mind who has the burden of proof on that

6 issue.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 5**

The evidence in this case consists of the sworn testimony of the witnesses and all exhibits received into evidence.  In reaching your verdict, you may consider only the testimony and exhibits received into evidence.

Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)  Arguments and statements by counsel are not evidence.  The parties' attorneys are not witnesses.  What the attorneys have said in their opening statements, or in their closing arguments and at other times, is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way they have stated them, your memory of them controls.

(2)  Questions and objections by counsel are not evidence.  You should not be influenced by an objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

6

1

**FINAL INSTRUCTION NO. 6**

2   There are two kinds of evidence, direct and circumstantial.  A witness testifying to having

3   actual knowledge of a fact and documents received in evidence constitute direct evidence.

4   Circumstantial evidence is a chain of evidence from which you could find that another fact exists,

5   even though no one directly testified as to that fact.

6   By way of example, if you wake up in the morning and see that the sidewalk is wet, you

7   may find from that fact that it rained during the night.  However, other evidence, such as a turned

8   garden hose, may provide a different explanation for the presence of water on the sidewalk.

9   Therefore, before you decide that a fact has been proven by circumstantial evidence, you

10   must consider all the evidence in the light of reason, experience, and common sense.

11   How much you believe evidence should not depend on whether it is direct or

12   circumstantial, but on whether the evidence is trustworthy and reliable.  For that reason, you may

13   find a fact has been proven by circumstantial evidence if that conclusion seems reasonable to you.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**FINAL INSTRUCTION NO. 7**

2       Parties generally may not introduce into evidence statements people made outside the

3 courtroom for the purpose of proving the truth of those statements, unless the out of court

4 statements are admissions made by a party's opponent.  When the court has allowed other out of

5 court statements to come in, it has done so because either:   the person speaking was describing an

6 event or condition, such as what he or she was seeing or experiencing, as it was happening; or the

7 person was describing a mental or physical condition the person was experiencing at the time he

8 or she was speaking.  You should evaluate the reliability, weight and credibility of any out of

9 court statements using the same criteria you use in evaluating witness testimony generally.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 8**

In deciding what the facts are, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account any number of factors, which may include the following:

1.  Was the witness able to see, hear or know the things about which the witness testified?

2.  How good is the witness's memory and is the witness able to testify clearly?

3.  Was the witness's manner while testifying straightforward and convincing, or evasive and unconvincing?

4.  Did the witness have an interest in the outcome of the case or any bias or prejudice concerning anyone or anything that mattered in the case, and if so, did that interest or bias affect the testimony?

5.  How reasonable was the witness's testimony when you consider it in light of all the other evidence in the case?

6.  Was the witness's testimony contradicted by what that witness said or did at another time, whether those statements are presented through live testimony or contained in documents introduced into evidence or by the testimony of other believable witnesses or evidence?

7.  Are there any other factors that bear on believability?

In deciding whether or not to believe a witness, remember that people sometimes forget things or sometimes get confused.

Also remember that the weight of evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**FINAL INSTRUCTION NO. 9**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**FINAL INSTRUCTION NO. 10**

Some evidence may be admitted for a limited purpose only.  During this trial, when I instructed you that an item of evidence was being admitted for a limited purpose, that item of evidence must be considered for that limited purpose and for no other.

**FINAL INSTRUCTION NO. 11**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.  In this trial these witnesses included Craig Enos and Jubin Merati.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**FINAL INSTRUCTION NO. 12**

Several lay witnesses testified about their opinions during the trial.  You may, but are not required to accept those opinions.  You may give any opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion.  You must decide whether information on which the witness relied was true and accurate.  You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

1

**FINAL INSTRUCTION NO. 13**

2    Evidence of or references to any other complaints or lawsuits brought against the City of

3 Stockton are irrelevant to this case unless plaintiff proves that the facts of these other complaints

4 are closely related to the facts and circumstances of her own case.  Unless plaintiff makes this

5 showing, evidence of other complaints or lawsuits brought against the City of Stockton must be

6 disregarded when deciding whether the City discriminated or retaliated against plaintiff.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 14**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant a party's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

**FINAL INSTRUCTION NO. 15**

2        In general, unless I tell you otherwise, the party having the burden of proof on an issue

3   must prove it by a "preponderance of the evidence."  Plaintiff has the burden of proof on her

4   claims.  Defendant has the burden of proof on its affirmative defense.

5        Proof by a preponderance of the evidence means the evidence is more convincing and

6   more probably true than not.  If the evidence as to any issue is evenly balanced, your finding upon

7   that issue must be against the party who had the burden of proving it.

8        In determining whether an issue has been proved by a preponderance of the evidence, you

9   should consider all the evidence having to do with that issue regardless of who produced it.

10        I will instruct you about the burden of proof in connection with the specific claims and

11   affirmative defenses.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 16**

In this case, plaintiff is Jessica Glynn.  Defendant is City of Stockton.  Plaintiff has brought three different legal claims against defendant.

Each of plaintiff's claims are entitled to your separate consideration.  That is, you must decide independently as to each claim whether plaintiff is entitled to recover and, if so, the amount.

That plaintiff may be entitled to your verdict on one claim does not mean that she is necessarily entitled to recover on another claim.

On the other hand, that plaintiff does not gain a verdict on one claim does not prevent your awarding a verdict on another claim.

17

**FINAL INSTRUCTION NO. 17**

In this civil suit, plaintiff is proceeding on three claims.  These claims are for:

1.      Gender/Pregnancy Discrimination in Violation of federal law, Title VII.

2.      Gender/Pregnancy Discrimination in Violation of California law, the Fair Employment and Housing Act (FEHA).

3.      Retaliation in Violation of California Labor Code §1102.5.

By way of background, pregnancy discrimination is one form of gender discrimination.

Plaintiff's claims are described in the following instructions.  Each claim involves a distinct set of elements.  Although the claims may have some elements in common, you should consider each claim individually.  Plaintiff can succeed on any one claim only if she proves all of the elements of that claim.

The following instructions set forth the elements that plaintiff must meet under each claim.

**FINAL INSTRUCTION NO. 18**

First Claim - Gender/Pregnancy Discrimination (Title VII)

Plaintiff's first claim against defendant asserts that her gender/pregnancy was a motivating factor for defendant's decision to discharge plaintiff.  Defendant denies that plaintiff's gender/pregnancy was a motivating factor for the defendant's decision to discharge plaintiff, and further claims that the decision to discharge plaintiff was based on a lawful reason.

A motivating factor is a factor that played a part in the employment decision.

This instruction and nos. 23 and 24 apply to your determination of this claim.

As to plaintiff's claim that her gender/pregnancy was a motivating factor for defendant's decision to discharge her, plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

    1.     That plaintiff was discharged by defendant; and

    2.     That plaintiff's gender/pregnancy was a motivating factor in defendant's decision to discharge plaintiff.

The parties agree that the first element is established.

If you find that plaintiff has failed to prove the second element, your verdict on this claim should be for defendant.

If plaintiff has proved the second element, plaintiff is entitled to your verdict, even if you find that defendant's conduct was also motivated by a lawful reason.  If, however, defendant proves by a preponderance of the evidence that defendant would have made the same decision even if plaintiff's gender/pregnancy had played no role in the employment decision, your verdict on this claim should be for defendant.

**FINAL INSTRUCTION NO. 19**

Second Claim – Gender/Pregnancy Discrimination (FEHA)

Plaintiff's second claim against defendant is for gender/pregnancy discrimination in violation of California law.  This instruction and instruction nos. 20, 23 and 24 apply to your determination of this claim.

To prevail on this claim, plaintiff must prove all of the following elements by a preponderance of the evidence:

      1.      That defendant employed plaintiff;

      2.      That defendant discharged plaintiff;

      3.      That plaintiff's gender/pregnancy was a substantial motivating reason for defendant to discharge plaintiff;

      4.      That plaintiff was harmed; and

      5.      That the defendant's conduct was a substantial factor in causing plaintiff's harm.

A "substantial motivating reason" is a reason that actually contributed to the decision to discharge plaintiff.  It must be more than a remote or trivial reason.  It does not have to be the only reason motivating the decision to discharge plaintiff.

The parties agree that elements 1 and 2 are established, so you need only consider whether plaintiff has proved elements 3, 4 and 5 by a preponderance of the evidence.

1

**FINAL INSTRUCTION NO. 20**

2    Plaintiff claims that she was discharged because of her gender/pregnancy, which is an

3 unlawful discriminatory reason.  Defendant claims that plaintiff was discharged for a lawful

4 reason.  If you find that discrimination was a substantial motivating reason for plaintiff's

5 discharge, you must then consider defendant's stated reason for the discharge.

6    If you find that lawful reasons provided a substantial motivating reason for defendant's

7 decision to discharge plaintiff, then you must determine whether defendant has proven that it

8 would have discharged plaintiff anyway at the time it made its actual decision based on lawful

9 reasons, even if plaintiff's gender/pregnancy had played no role in defendant's decision to

10 discharge plaintiff.  In determining whether lawful reasons provided a substantial motivating

11 reason for defendant's decision, determine what actually motivated defendant, not what it might

12 have been justified in doing.

13    If you find that defendant discharged plaintiff for a discriminatory reason, your verdict on

14 the second claim should be for plaintiff.  If, however, you find that defendant would have

15 discharged plaintiff anyway at that time for lawful reasons then plaintiff will not be entitled to

16 monetary damages.

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 21**

Third Claim – Retaliation – Cal. Labor Code § 1102.5.

Plaintiff's Third Claim against defendant is for retaliation in violation of California law. Plaintiff asserts that defendant discharged her in retaliation for disclosing information of an unlawful act or acts.  This instruction as well as instruction nos. 22, 23 and 24 apply to your determination of this claim.

In order to establish this claim, plaintiff must prove all of the following by a preponderance of the evidence:

    1.    That defendant was plaintiff's employer;

    2.    That plaintiff had disclosed to a person with authority over her or an employee with authority to investigate, discover, or correct legal violations or noncompliance that:

        a.    Defendant's Outreach Worker employees (also known as "Peacekeepers") were not being properly paid in violation of Federal law, and/or

        b.    Information sharing practices between the Peacekeepers and defendant's Police Department violated community members' Constitutional rights.

    3.    That plaintiff had reasonable cause to believe that the information disclosed a violation of a federal statute or the U.S. Constitution;

    4.    That defendant discharged plaintiff;

    5.    That plaintiff's disclosure of information was a contributing factor in defendant's decision to discharge plaintiff;

    6.    That plaintiff was harmed; and

    7.    That defendant's conduct was a substantial factor in causing plaintiff's harm.

It is not plaintiff's motivation for her disclosure, but only the content of that disclosure, that determines whether the disclosure is protected.  A disclosure is protected even though disclosing the information may be part of plaintiff's job duties.

22

**FINAL INSTRUCTION NO. 22**

On her Third Claim for retaliation only, even if plaintiff proves by a preponderance of the evidence that her disclosure of information of an unlawful act was a contributing factor to her discharge, you should not award monetary damages on this claim if defendant proves by clear and convincing evidence that it would have discharged plaintiff anyway for legitimate, independent reasons.

Proof by clear and convincing evidence means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

**FINAL INSTRUCTION NO. 23**

In California, employment is presumed to be "at will." That means that an employer may terminate an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a discriminatory or retaliatory reason.

**FINAL INSTRUCTION NO. 24**

In this case, defendant claims the ultimate or final decision to discharge plaintiff was made by defendant's City Manager Kurt Wilson.  Even if Kurt Wilson did not hold any personal discriminatory or retaliatory intent, defendant may still be liable for discrimination under federal or California law or for retaliation under California law if plaintiff proves both of the following:

1.  That plaintiff's gender/pregnancy and/or reporting of unlawful acts was a motivating factor (for purposes of Title VII), substantial motivating reason (for purposes of FEHA), or a contributing factor (for purposes of retaliation) for Christian Clegg's recommending to Mr. Wilson that plaintiff be terminated, and

2.  That Christian Clegg's recommendation to terminate plaintiff was a motivating factor (for purposes of Title VII), substantial motivating reason (for purposes of FEHA), or a contributing factor (for purposes of retaliation) for Mr. Wilson's decision to discharge plaintiff.

**FINAL INSTRUCTION NO. 25**

After instructing you about the plaintiff's claims, it is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff on one or more of her three claims, you must determine plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury or loss you find was caused by defendant.  You should consider the following:

      1.      The nature and extent of any injuries;

      2.      The loss of enjoyment of life experienced and with that reasonable probability will be experienced in the future;

      3.      The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

      4.      The reasonable value of wages and benefits lost up to the present time; and

      5.      The reasonable value of wages and benefits that with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, sympathy, passion, guesswork or conjecture.

26

**FINAL INSTRUCTION NO. 26**

Plaintiff is not entitled to recover damages for economic losses that defendant proves by a preponderance of evidence that plaintiff could have avoided by returning to gainful employment as soon as it was reasonable for her to do so.

To calculate the amount of damages for past lost wages and benefits you must:

1.      Determine the amount plaintiff would have earned from her job she held with defendant at the time she was injured; and

2.      Subtract the amount plaintiff earned or could have earned by returning to gainful employment.

The resulting amount is plaintiff's damages for past lost earnings.

To prove that plaintiff failed to mitigate her damages concerning lost past earnings defendant has the burden of proving by a preponderance of the evidence:

1.      That plaintiff had available to her employment that was comparable, or substantially similar, to plaintiff's employment with defendant;

2.      That plaintiff failed to use reasonable efforts to mitigate damages by failing to gain comparable, or substantially similar, employment; and

3.      The amount by which damages would have been mitigated.

**FINAL INSTRUCTION NO. 27**

An award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as any injuries, loss of enjoyment of life and mental, physical, and emotional pain and suffering, are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

**FINAL INSTRUCTION NO. 28**

When you calculate lost earnings, you should use before-tax earnings.

**FINAL INSTRUCTION NO. 29**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

1

**FINAL INSTRUCTION NO. 30**

2    When you begin your deliberations, you should elect one member of the jury as your

3    presiding juror.  That person will preside over the deliberations and speak for you here in court.

4    You will then discuss the case with your fellow jurors to reach agreement if you can do

5    so.  Your verdict must be unanimous.

6    Each of you must decide the case for yourself, but you should do so only after you have

7    considered all of the evidence, discussed it fully with the other jurors, and listened to the views of

8    your fellow jurors.

9    Do not hesitate to change your opinion if the discussion persuades you that you should.

10   Do not come to a decision simply because other jurors think it is right.

11   It is important that you attempt to reach a unanimous verdict but, of course, only if each of

12   you can do so after having made your own conscientious decision.  Do not change an honest

13   belief about the weight and effect of the evidence simply to reach a verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 31**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**FINAL INSTRUCTION NO. 32**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**FINAL INSTRUCTION NO. 33**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.